# Edmondson *et al.* v. Ledbetter *et al.*

*Proceedings to establish a Stock Law District.*

1. *Constitutional law; act to establish stock law district.*—The act approved February 18, 1895, authorizing the probate court of Calhoun county to establish a stock law district in said county and to regulate such district, (Acts 1894-95, p. 1066), is constitutional and not open to the objection that it is violative of Article IV, § 2, and of Article I, § 12 of the constitution.

2. *Proceedings to establish stock law district; when petition admissible in evidence.*—In a proceeding to establish a stock law district, where the petition asking for the establishment of such district is shown by competent evidence to have been signed by the persons whose names were attached thereto, and that each of such persons were land owners within the district proposed to be established, the petition itself is admissible in evidence, as going to show that its signers were in favor of the proposed district.

APPEAL from the Probate Court of Calhoun.

Heard before the Hon. EMMETT F. CROOK.

The proceedings in this case were had upon a petition being filed by appellees, addressed to the judge of probate of Calhoun county, asking for an order establishing a stock law district in said county. The petition was as follows : ''The undersigned land owners and freeholders respectfully petition and represent unto your honor that they are each over the age of twenty-one years, and each resides within the State and county above named, and within the district hereinafter described by metes and bounds, or own and control land included therein ; that they desire and respectfully ask for an order to be made by your honor establishing a full 'Stock

[Edmondson *et al.* v. Ledbetter *et al.*]

Law District.' [Here follows a description of the district sought to be established by metes and bounds, indicated by the numbers of the lots and the natural boundaries, including a territory of about 18 square miles.] That your honor will appoint a day for hearing, post notices, and do any and all things necessary and that may seem meet and proper to your honor in the premises, and as by law required in such cases." To this petitition was signed something over forty names of persons, who are the appellees on the present appeal.

One W. J. Edmondson and others, the appellants, filed their contest to the granting of the order prayed for in the petition, which contest was based upon the following grounds: 1st. That the petition is not in accord with the statute under which it is filed; and, 2d, that the statute is unconstitutional.

Upon the hearing of the contest, the evidence for the petitioner was to the effect that all the persons whose names were signed to the petition were signed by them or by their authority; that they were over twenty-one years of age, and that they owned land in the district; that there were more than forty names signed to the petition, and that these names included a majority of those who owned the lands in the district sought to be established. After this proof, the petitioners offered the petition in evidence. The contestants moved the court to exclude the petition as a matter of evidence, on the grounds that it was incompetent, and that the petitioners are not witnesses, and have not been examined as witnesses. This motion was overruled, and the contestants duly excepted.

There were several witnesses introduced in behalf of the contestants, who testified that they were opposed to the establishment of the district, but it was shown by all of the witnesses examined that forty names constituted a majority of those who owned or controlled lands in said district.

Upon the hearing of all the evidence, the court rendered a decree establishing the district as prayed for in the petition. From this decree the contestants appeal, and assign the rendition thereof as error.

E. H. HANNA, for appellant.—The act approved February 18, 1895, (Acts 1894–95, pp. 1066–1078), is un-

[Edmondson *et al.* v. Ledbetter *et al.*]

constitutional and void as being violative of Article IV, § 2, and Article I, § 12 of the Constitution.

PELHAM & ACKER, *contra.*—1. The act under which the proceedings in this case were had is constitutional. *McGraw v. County Com.*, 89 Ala. 407 ; *Stanfill v. Court of County Revenue,* 80 Ala. 287 ; *Dunn v. Court of County Revenue,* 85 Ala. 148.

2. The petition was admissible in evidence, and the court so properly ruled.—*Holmes v. State,* 108 Ala. 24 ; *Ramey v. Peeples Grocery Co.,* 108 Ala. 476.

McCLELLAN, J.—The act of February 18, 1895, "To authorize and direct the judge of the probate court of Calhoun county to establish districts in said county in which stock may be prevented from running at large, and to regulate such districts," (Acts 1894–95, pp. 1066–1078), is not open to any of the objections made by counsel for appellants to its constitutionality.—*Mc-Graw v. Commissioners,* 89 Ala. 407.

The question before the probate judge at the hearing was whether a majority of land owners in the proposed district, over the age of twenty-one years, was in favor of or against the establishment of the district. The petition filed under the statute prayed for the establishment of such district. It purported to be signed by about forty land owners resident in the territory to be affected. It was shown by competent evidence that each of these persons signed the petition. Under these circumstances, the petition itself was competent evidence going to show that its signers were in favor of the proposed district; and the probate judge did not err in allowing it to be given in evidence.

This petition with other evidence adduced fully justified the probate judge in the conclusion that a majority of the land owners of the territory of full age favored the establishment of the district prayed for; and his order or judgment to that effect must be affirmed.

Affirmed.