# Tallassee Falls Mfg. Co *v.* Commissioner's Court of Tallapoosa County.

*Bill to Prevent Commissioner's Court from Decreasing Toll Rate Over Bridge, and to Declare the Act Authorizing it, Unconstitutional and Void.*

(Decided June 30, 1908.   Rehearing denied Jan. 14, 1909.
48 South. 354.)

1. *Bridges; Corporation; Toll; Statute.*—The act of Feb. 11, 1893, (Local Acts 1892-3, p. 491) either in section 1 or 2 thereof, does not authorize the corporation constructing the bridges, by implication to prescribe toll, though the act is silent as to the fixing of the toll, and there is no express reservation of power to the Legislature.

2. *Same; Regulation of Tolls; Statute; Constructionn.*—The Act of August 6, 1907, (Local Acts 1907, p. 758) is to be construed as though the limitation upon the court of county commissioners of prescribing reasonable tolls was written in it; the act does not confer on the court the power to deprive the owner of the right to receive a reasonable toll.

3. *Constitutional Law; Delegation of Legislative Power; Regulation.*—The Act of Aug. 6, 1907 (Local Acts 1907, p. 758) is not unconstitutional as delegating to the court of county commissioners legislative powers.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by the Tallassee Falls Manufacturing Company against the Court of County Commissioners of Tallapoosa County. From a decree dismissing the bill, complainant appeals. Affirmed.

CHILTON & MacKENZIE, for appellant. The right to fix the toll to be charged for the use of its bridge became vested in the complainant by the Act of Feb. 11, 1898.—Acts 1892-3, p. 491. This was a property right and could not be taken away by subsequent legislation unless under the reserved power in the Constitution.

[Tallassee Falls Mfg. Co. v. Commissioner's Court of Tallapoosa Co.]

Previous to the Constitution of 1875, this power was not reserved.—*Howard v. Ellsworth*, 17 Ala. 576; *Powell v. Salmons*, 31 Ala. 352; *Dockery v. McDowell*, 40 Ala. 482; *Mobile v. L. & N. R. R. Co.*, 84 Ala. 115; *B. P. & M. S. Ry. Co. v. Bir. St. Ry Co.*, 79 Ala 455; 164 U. S. 578; 134 U. S. 418; 7 A. & E. Ency. of Law, 675; 21 Barb. 513; Sec. 238, Const. 1901. A statute delegating a power to a department or agency other than that to which the Constitution limits or restricts such power is void.—*Clark v. Mobile*, 67 Ala. 217; *Fox v. McDonald*, 101 Ala. 51; 10 Wall. 50; 10 Wheat. 1; Ib. 57; 143 U. S. 648. The Act of fixing and determining the maximum charge is a purely legislative function.—125 U. S. 680; 143 U. S. 339; 116 U. S. 307; 113 U. S. 155. Being a purely legislative function, it cannot be delegated to any commission, or other body by the legislature, unless such delegation has expressed sanction in the Constitution.—1 L. R. A. (N. S.) 520; 116 Pa. 72; 17 Am. Rep. 425; Cooley's Const. Lim. 163. Equity may interfere where its general decree would prevent a multiplicity of suits and give a more certain and efficacious remedy than can be had at law.—*Jones v. Hardy*, 127 Ala. 221; *Smythe v. Haynes*, 169 U. S. 466. The jurisdiction of the lower court is fully sustained in the following cases. —*Micou v. Tallassee B. Co.*, 47 Ala. 652; *Gormley v. Clark*, 134 U. S. 338.

LACKEY & BRIDGES, for appellee. Even though less natural the construction which supports the constitutionality of an act will be given.—*Quartlebaum v. The State*, 79 Ala. 1; 23 A. & E. Ency of Law, 349. Charters of corporations are construed most strictly against the corporators and no franchise granted by the state is ever construed to be exclusive unless the elements of exclusiveness appear in the grant itself, or the terms of the grant render such construction imperative.—*Horst*

[Tallassee Falls Mfg. Co. v. Commissioner's Court of Tallapoosa Co.]

*v. Moses*, 48 Ala. 129; *B. & P. M. Co. v. St. Ry. Co.*, 79 Ala. 465. The legislature has the right to fix a toll to be charged for passage of traffic over a toll bridge erected by a corporation under a franchise granted by the legislature, provided such rates are not unreasonable low.— 134 U. S. 418; 164 U. S. 578; 33 L. R. A. 177; 31 Am. St. Rep. 477; 132 U. S. 75. When a private corporation accepts a franchise from this state for the erection and maintenance of any public utility it takes and holds its franchise subject to the Constitution and laws then existing or subsequently enacted, with the single proviso that its property shall not be destroyed, confiscated or taken without just compensation.—134 U. S. 418; 132 U. S. 75; 128 U. S. 174; 116 U. S. 225; 2 Port. 296; 31 Am. St. Rep. 477; 41 Am. St. Rep. 278. Section 2501, Code 1896, gives the Commissioner's Court the power to fix rates of toll over bridges, etc. The Legislature having the right to fix the rates of tolls for passage and traffic over a chartered toll bridge, may delegate that power to the Court of County Commissioners of the county in which the bridge is situated, without violating any constitutional provision.—*Stanfill v. Court of County Cohs. of Dallas County*, 80 Ala. 639; *Asknew v. Hale County*, 54 Ala. 639; *Edmondson et al. v. Ledbetter et als*, 114 Ala. 477; Cooley Con. Lim. 140.

DOWDELL, J.—The bill in this case is filed by the Tallassee Falls Manufacturing Company, a corporation organized under the general law in 1878. The cause was heard on motion of respondent to dismiss the bill for want of equity, and also upon demurrer assailing the bill for want of equity. From the decree of the chancellor, sustaining the motion and demurrer and dismissing the bill, the appeal is prosecuted.

In 1893 an act of the Legislature was passed and approved, entitled "An act to authorize the Tallassee Falls

Manufacturing Company to construed a bridge across the Tallapoosa river at or near Tallassee" (Loc. Acts 1892-93, p. 491), which is as follows:

"Section 1. Be it enacted by the General Assembly of Alabama, that the Tallassee Falls Manufacturing Company, a general corporation, incorporated under the general laws of the state of Alabama, be, and they are (it is), hereby authorized and empowered to construct, erect and keep a wagon, foot passenger and railroad bridge, or a bridge for any one or more of these purposes, spanning the Tallapoosa river at or near Tallassee, in the county of Elmore, said bridge to extend across the said river from the county of Elmore to the county of Tallapoosa; and said corporation are (is) hereby authorized to take reasonable tolls for the use of said bridge by passengers and for vehicles, and they (it) shall have power to purchase, hold, sell, convey or otherwise acquire or dispose of real or personal property, or any other kind of property, to issue bonds and pledge or mortgage the said bridge, or the income thereof, for the same, to borrow money and secure the same by a mortgage upon the said bridge or the incomes, one or both.

"Sec. 2. Be it further enacted, that said corporation, by its board of directors, shall have power to adopt and establish all rules and regulations which shall be deemed expedient for the management of the traffic over and across the said bridge, not inconsistent with the Constitution and laws of this state and the United States: Provided, that Tallapoosa county shall be entitled to all the taxes of the brid e that is over Tallapoosa territory, both of land and water."

On the 6th of August, 1907, the following act was passed and approved (Loc. Acts 1907, p. 758), omitting here the title to the act:

"Section 1. Be it enacted by the Legislature of Alabama, that the commissioners' court of Tallapoosa coun-

ty are authorized and empowered to regulate and fix the rate of toll that shall be charged by the owners of the bridge for passengers and for vehicles, and for traffic and for whatever may pass over the same, and said commissioners' court may from time to time alter said rates of toll, when in the judgment of the court the same shall be necessary and proper.

"Sec. 2. After the rates of toll to be charged for the use of said bridge shall have been fixed by said court of county commissioners it shall be unlawful for the owners or keeper of said bridge to demand or receive from any persons a larger rate of toll than that prescribed and fixed by said court of county commissioners, and for each violation of this act by the owners of said bridge shall forfeit to the persons from whom exclusive (excessive) toll shall have been demanded or received, twenty dollars recoverable before any justice of the peace of said county."

In pursuance of the above last-named act the court of county commissioners of Tallapoosa county, at its regular term in November, 1907, made and entered an order fixing the rate of tolls to be charged by the owners for the use of said bridge by the public. It is not claimed by the bill that the rates so fixed by the court of county commissioners are in their nature confiscatory, or otherwise than just, fair, and reasonable. Indeed it is conceded in argument that no such contention is made. The contention is that the act of August 6, 1907, is invalid, and that consequently the proceedings had in the court of county commissioners in pursuance of said act are without authority of law and therefore void. The purpose of the bill, and such is the special prayer of the bill, is to have said act of August 6, 1907, declared unconstitutional.

The main contention is that by said act the complainant is deprived of its property without due process of law. This is predicated upon the further contention that by the act of February 11, hereinabove set out, the complainant corporation was granted the right to prescribe the tolls for the use of its said bridge by the public, and that the franchise or privilege so granted became a vested property right, beyond legislative interference. The argument of counsel based upon this contention is faulty in its premise, in assuming the grant of such franchise or privilege by the act in question. It is admitted in argument that there is no express grant of the franchise claimed by the complainant contained in the act; but it is insisted that the grant exists by implication. The argument is that the right to take reasonable tolls being given the complainant, and the act being silent in respect to the fixing of tolls, and no express reservation of the power to the Legislature, it results by implication that the power was granted to the complainant.

This is opposed to the well-established rule of construction in such cases. The right to "take"—that is to receive—reasonable tolls, cannot, but by a very strained construction, in a grant by the state, imply the power to prescribe the tolls.—In *Grand Lodge of Alabama v. Waddill*, 36 Ala. 313-318, it was said: "Grants of power to corporations, unlike the grants to individuals, are to be strictly contrued, in favor of the government and against the grantee. Corporations can claim nothing that is not clearly given. Ambiguities operate against them. 'In the construction of every charter, to be in doubt is to be resolved; and every resolution which springs from doubt is against the corporation. This case has often been cited in subsequent cases by this court, and the rule of construction there stated adhered to. The act

of February 11, 1893, authorizing the construction of the bridge, etc., must be taken as an extension of the chartered powers and rights of the complainant corporation, and in effect to that end an amendment of its charter. In other words, the subject under consideration is to be treated as though the act in question had been incorporated in the original charter. The principle of construction in the grant by the state of powers to the corporation is the same.

That which is claimed by the complainant, by whatever term designated, whether a right, privilege, or franchise, is in character a power. There being, then, no express grant of the power, can it be said that it is clearly given by implication—not by bare implication, but necessary implication? Applying the rule of strict construction against the grantee, as is required to be done in respect to the act in question, under the well-established principle in such cases, we are unable to see how a right given to receive reasonable tolls necessarily implies the grant of power to prescribe such tolls. The fact of the exercise of the power by the corporation in having prescribed rates and received the tolls lends nothing to argument in favor of the grant of the power. Nor does the failure in the act to expressly reserve the power in the state necessarily imply the grant of the power. To so hold would be to construe the grant in favor of the corporation and against the government, which is opposed to the cardinal rule of construction in such cases.

The failure in the act to prescribe the tolls or to designate by whom the tolls were to be fixed, implies no grant of the power to the corporation; nor was it thereby deprived of the right of taking or receiving reasonable tolls, a right conferred by the act. The general statute, section 2501 of the Code of 1896, the same as section

[Tallassee Falls Mfg. Co. v. Commissioner's Court of Tallapoosa Co.]

1445 of the Code of 1886, which was of force at the date of the passage of the act in question, afforded the means by which the complainant was enabled to fully enjoy the right conferred of receiving reasonable tolls. Under that section the complainant had only to apply to the court of county commissioners to have such tolls fixed. There is nothing in section 2 of the act that we are able to discover which would necessarily imply a grant of power to prescribe tolls. This section merely relates to the establishing of rules and regulations, deemed expedient by the complainant's board of directors, as to the manner of using said bridge for passage and traffic over it.

Our conclusion is no grant of the power claimed can be taken by necessary implication in the act. This conclusion renders it unnecessary to consider the question discussed by counsel relative to the inhibition contained in section 23, art. 1, of the Constitution of 1875, against making irrevocable grants of special privileges or immunities by the Legislature, and of force at the time of the passage of the act of February 11, 1893, since this line of decisions involves the assumption that there was a grant of the power claimed, which we hold was not the case.

It is to be remembered, that it is not claimed or pretended that by the act of August 6, 1907, or by the action of the court of county commissioners under said act, the right of the complainant to take and receive reasonable tolls for the use of its said bridge has been denied to it or interfered with, but merely a denial of the power of the complainant to prescribe the tolls. Nor does the act of August 6th, by any reasonable construction, confer upon the court of county commissioners the power to deprive the complainant of its right to have and receive reasonable tolls for the use of its

[Hall, et al. v. Atlanta, B. & A. R. R. Co.]

said bridge by the public. The act of August 6th, is to be construed, if possible, so as to uphold its constitutionality and that it is susceptible of such construction we have no doubt, and to that end it is to be construed as though the limitation of prescribing reasonable tolls were written in it.

Nor is this act open to the constitutional objection of a delegation of legislative power to the court of county commissioners. The right of the Legislature to delegate such powers to the courts of county commissioners without offending any constitutional provision has been too well established in our jurisprudence to admit of question at this time.—*Stanfill v. Court of County Com'rs of Dallas Co.,* 80 Ala. 287; *Asknew v. Hale Co.,* 54 Ala. 639, 25 Am. Rep. 730; *Edmondson v. Ledbetter,* 114 Ala. 477, 21 South. 989.

We find no error in the record, and the decree of the chancellor will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.