# Floyd *v.* The State.

### Failure to Work Public Road.

(Decided March 23, 1917.   74 South. 752.)

1. **Highways; Power of Board.**—The statutory grant of power to county commissioners and boards of revenue as to roads is plenary under Acts 1915, p. 623, and on a collateral attack, unless the contrary appears, the proceedings of such board are presumed to be irregular.

2. **Same.**—Where the minutes were as follows: "Board of Revenue, November Term 1916. The following rules, regulations and laws affecting, governing and controlling the public roads of Monroe county are hereby established, promulgated, declared and enacted by the Board of Revenue of

[Floyd v. The State.]

such county on this the 3rd day of November, 1915," it sufficiently appeared that the rules were adopted by the board at a regular term of the board as required under Acts 1915, p. 623.

3. **Same; Evidence.**—Where the attack on the action of the board with reference to the road construction was collateral, the minutes of the regular session in due form according to Acts 1915, p. 623, were admissible in evidence.

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCORVEY.

Andrew Floyd was convicted of a failure to work the public roads, and he appeals.　Affirmed.

PAGE & McMILAN, for appellant.　W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, P. J.—By act approved September 20, 1915, the Legislature repealed all statutes providing for prosecutions for failure to work on the public roads embraced in the Code and acts amendatory thereof (Acts 1915, p. 623) ; and by act approved September 22d (Acts 1915, p. 573) conferred upon the courts of county commissioners and boards of revenue of the several counties in the state broad powers to provide for the establishment, discontinuance, construction, use, working, and maintenance of the public roads, bridges and ferries of the several counties, and the act provides: "To this end they are given legislative, judicial and executive powers, except as limited herein.　Courts of county commissioners, boards of revenue or courts of like jurisdiction are courts of *unlimited* jurisdiction and powers as to the construction, maintenance and improvement of the public roads.　* * *　They may establish, promulgate, and enforce rules and regulations, make and enter into such contracts as may be necessary, or as may be deemed necessary or advisable by such courts or boards, to build, construct, make, improve and maintain a good system of public roads, bridges and ferries in their respective counties, and regulate the use thereof."

Section 2 of the act makes the violation of "any rule, regulation or law which may be adopted or promulgated" by such court or board a misdemeanor and prescribes punishment therefor.

The questions presented and here argued are:　First, can the Legislature delegate to such government agencies the authority

to make and promulgate rules and regulations, the violation of which constitutes crime? This question is fully answered in the affirmative by the following cases: *Whaley v. State,* 168 Ala. 152, 52 South. 941, 30 L. R. A. (N. S.) 499; *State v. McCarty,* 5 Ala. App. 212, 59 South. 543.

The second question is: Does this record sufficiently show that the powers conferred on the board of revenue of Monroe county by the statute were authoritatively exercised, so as to justify the prosecution of the defendant for a violation of the rules promulgated by the board? Section 5 of the act approved September 25, 1915 (Loc. Acts 1915, p. 394), establishing the board of revenue, provides that: "The said board of revenue shall hold four sessions annually, viz.: On the second Mondays in February and August, and the first Mondays in April and November of each calendar year."

The minutes of the board of revenue offered in evidence recite the following:

"Board of Revenue, November Term, 1916. The following rules, regulations, and laws affecting, governing, and controlling the public roads of Monroe county are hereby established, promulgated, declared, and enacted by the board of revenue of said county, on this the 3d day of November, 1915."

Then followed the rules so adopted and promulgated, after which was the entry: "Ordered that this regular meeting of the board be and the same hereby is adjourned until Tuesday, the 16th day of November."

(1) The statutory grant of power in respect to the matter of public roads and the adoption of rules and regulations is general and plenary, and on collateral attack the proceedings of the board are presumed to be regular and done in the lawful exercise of authority, unless the contrary appears.—*Stephens v. Court of County Commissioners,* 180 Ala. 531, 61 South. 917; *McLaughlin v. Hardwick,* 14 Ala. App. 570, 70 South. 305.

(2, 3) It sufficiently appears that the regulations adopted by the board of revenue were adopted at a regular term of the board, and by the board, and the minutes were properly received in evidence.

Affirmed.