CURLEE v. STATE.   (5 Div. 261.)

(Court of Appeals of Alabama.   April 17, 1917.)

1. CRIMINAL LAW ⟜304(17)—JUDICIAL NOTICE—OFFICIAL REGULATIONS.

An indictment charging that defendant, owning or having in charge cattle infected with or exposed to an infection, and having been notified so to do by an officer or inspector commissioned by the live stock sanitary board, did fail to dip such cattle as designated by such officer, cannot be sustained on the theory that the alleged acts were a violation of rules and regulations of the state live stock sanitary board, since courts cannot take judicial notice of the proceedings of the board, or of its rules and regulations.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 711, 2951½.]

2. CONSTITUTIONAL LAW ⟜63(1)—LEGISLATURE—DELEGATION OF POWER.

The Legislature may confer authority on governmental agencies to make rules and regulations the violation of which will support a criminal prosecution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 108, 111, 112, 114.]

3. JURY ⟜25(6)—DEPRIVATION OF RIGHT—STATUTE.

A statute which deprives the defendants of the constitutional right of trial by jury upon failure to make demand therefor in writing with-

---

in a specified time will be strictly construed against the state, and liberally in favor of accused.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 159–164, 170.]

4. JURY ⬅25(6)—TRIAL BY JURY—TIME FOR DEMAND.

Where defendant was not arrested or taken into custody after the indictment, his written demand for trial by jury, filed when the case was first called for trial, preserved his right to trial by jury, under Acts 1915, p. 940, § 2.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 159–164, 170.]

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

R. M. Curlee was convicted of an offense, and he appeals. Reversed and remanded.

Smoot & Mullins, of Wetumpka, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. The only statutes pertinent to the questions presented on this appeal that have been called to our attention, or that we have been able to find, are section 763 of the Code of 1907, and section 7083 of the Code, as amended by the act approved April 22, 1911 (Acts 1911, p. 613). The first mentioned of these statutes provides:

"Owners, renters, or parties in possession of quarantined live stock or quarantined places shall follow the directions in the rules and regulations of the state live stock sanitary board in cleaning and disinfecting infected live stock and infested or infected quarantined places, and in destroying the carriers of the causes of a contagious, infectious, or communicable disease, that infest, or infect, live stock and quarantined places. Said cleaning of said live stock and the disinfecting of said places and destroying of said carriers, shall be done by the owners or the persons in possession of the infected live stock and places, in a reasonable time after receiving a written or printed notice from the state veterinarian, an assistant state veterinarian, or a state live stock inspector."

Section 7083, as amended, in so far as is here pertinent, provides that:

"Any person, firm or corporation * * * who fails and refuses, without just cause and legal excuse, to cleanse and disinfect any infected or infested place in which live stock are kept, when directed or requested by the state live stock sanitary board, the state veterinarian or assistants, so to do, pursuant to the rules and regulations established by said state live stock sanitary board, or who resists or interferes with such board, state verterinarian, or assistants, or state live stock inspector, in the execution of his or their duties, or *who otherwise violates any of the quarantine laws of this state for live stock, or who fails or refuses without just cause or legal excuse to perform any of the duties required of him by such laws,* or who impedes or prevents, or attempts to so impede or prevent the execution of such laws, shall be guilty of a misdemeanor," etc.

The indictment charges that:

The defendant, "a person owning or having in charge cattle infected with or exposed to the infection of ticks, to wit, Margaropus annulatus (Boophilus annulatus) without just cause or legal excuse. and after having been notified so to do by an officer or inspector commissioned by the live stock sanitary board, did fail to dip such cattle in a standard arsenical solution contained in a dipping vat, at the time and place so designated by said officer or inspector, the time and place so designated by said officer or inspector being, to wit, August 9, 1916, at the C. H. Hawk vat. against the peace and dignity," etc.

[1] The indictment cannot be sustained on the theory that the alleged acts of the defendant were a violation of "rules and regulations" adopted by the state live stock sanitary board. The courts cannot take judicial knowledge of the proceedings of the board or. the rules and regulations adopted by it. Glenn v. City of Prattville, 71 South. 75;[1] Bivins v. City of Montgomery, 13 Ala. App. 641, 69 South. 224. And while it is not necessary that the rules and regulations be set out in full in the indictment, where a prosecution is based on the violation of such rules and regulations, it should be averred that alleged acts were done in violation of rules and regulations duly adopted by the board, under the provisions of the statute conferring on the board such power.

[2] That the Legislature may confer authority on governmental agencies to make rules and regulations, the violation of which will support a prosecution, when the statute denounces the act as a crime, is settled beyond question. Andrew Floyd v. State, 74 South. 752;[2] Whaley v. State, 168 Ala. 152, 52 South. 941, 30 L. R. A. (N. S.) 499; 6 R. C. L. 177, §§ 177, 178.

There is nothing in the statutes that requires persons owning or having the possession of cattle infected with or exposed to ticks to dip such cattle in "a standard arsenical solution," "after having been notified to do so," and the demurrers to the indictment should have been sustained.

[3, 4] The statute, which deprives the defendant of the constitutional right of trial by jury upon failure to make demand therefor in writing within a specified time, will be strictly construed against the state, and liberally in favor of the accused. It appearing that the defendant was not arrested or taken into custody after the indictment was returned against him, his written demand for trial by jury, filed when the case was first called for trial, preserved his right to trial by jury. Acts 1915, p. 940, § 2.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

[1] 14 Ala. App. 621.      [2] 15 Ala. App. 654.