(82 South. 521)

DODD et al. v. COMMISSIONERS' COURT OF ST. CLAIR COUNTY et al.

(7 Div. 19.)

(Supreme Court of Alabama. June 12, 1919.)

1. STATUTES ⬦110½(1)—TITLE AND SUBJECT—ERADICATION OF CATTLE FEVER TICKS—PENALTIES AND PROVISIONS FOR ENFORCEMENT.

Act Feb. 7, 1919, providing for state-wide eradication of cattle or fever ticks, etc., which fixed penalties for its violation, and the mode for its enforcement, held not in violation of Const. 1901, § 45, requiring that "each law shall contain but one subject which shall be clearly expressed in its title"; the matter of penalties and mode of enforcement being clearly allied and germane to the general subject.

2. CONSTITUTIONAL LAW ⬦70(3)—POLICY OF LAWS—LEGISLATIVE DISCRETION—REVIEW.

The policy or propriety of the law for "the eradication of cattle fever ticks" is for the Legislature, and the courts have no power to control the exercise of legislative discretion.

3. CONSTITUTIONAL LAW ⬦73 — ENFORCEMENT OF ACT FOR ERADICATION OF CATTLE FEVER TICKS IN COUNTY—EXECUTIVE POWER—JUDICIAL INTERFERENCE.

Whether or when an act for the eradication of cattle fever ticks shall be put into effect in a given county or district is left to the judgment of commissioners or expert boards, and not to the judgment or discretion of the courts, which cannot interfere so long as such officers act within the line and scope of the authority conferred.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill by R. J. Dodd and others against the Commissioners' Court of St. Clair County and others. From a decree denying injunction, plaintiffs appeal. Affirmed.

Tate & Logan, of Anniston, and M. M. Smith and C. K. Robinson, both of Pell City, for appellants.

MAYFIELD, J. This bill seeks injunctive relief against the enforcement in St. Clair county of the recent Tick Eradication Statute, approved February 7, 1919.

The equity of the bill is sought to be rested on the unconstitutionality of the statute, and the allegation that there are no ticks in St. Clair county.

[1] The first unconstitutional feature of the act urged is that the title of the act is not broad enough to include or cover the numerous provisions of the act which fix penalties as for failure to observe or to conform to the requirements of the act, and provide procedure for the enforcement of the penalties.

We cannot accede to this contention. The act is intended as one in the exercise of one of the police powers of the state, and, in the exercise of such powers, it is usual, if not necessary, to provide penalties as for failure to observe or comply, with the regulations so fixed or prescribed by the act, and such acts often contain provisions for the enforcement of the penalties.

An act to provide for state-wide eradication of cattle or fever ticks, or any other kind of ticks, certainly gives notice that penalties, and a mode of enforcing them, will be contained in the act. An act for the purpose of eradicating ticks, or other insects or vermin from the state, without penalties provided for failure to comply with its requirements would be useless. Such acts are not supposed to be mere declarations of principles or policies of the state: they are supposed to be self-executing laws, and not mere declarations or proclamations of policies or principles like constitutional provisions. Such a law without provisions fixing penalties and providing modes for their enforcement would be dead letters, and worse than useless.

We know of no reason why the declaration of the policies or principles, the fixing of the penalties, and the mode for executing the policies and enforcing the penalties, should not all be included in one bill. Nor do we know of any reason why the title of such a bill should affirmatively show, in the way of an index, that the body of the bill would or would not contain all or a part of such provisions. The constitutional requirement, section 45 of the Constitution, which is here apt is that "each law shall contain but one subject, which shall be clearly expressed in its title." We find no violation of this provision as to the title of the bill in question. The act contains but one subject, and it is clearly expressed in the title. The provisions of the act relating to the penalties, either in declaring them or providing for their enforcement, are clearly and certainly allied, germane, or cognate to the general subject which is expressed in the title. All these provisions, clearly, are intended to aid or facilitate the accomplishment of the main purpose of the bill, which is expressed in the title. Edmondson v. Ledbetter, 114 Ala. 477, 21 South. 989; State v. Smith, 187 Ala. 411, 65 South. 942; Glasscock v. State, 159 Ala. 90, 48 South. 700; Jackson v. State, 136 Ala. 96, 33 South. 888.

[2] As to the policy or propriety of such laws, which are in the exercise of the police powers of the state, the Constitution makes the Legislature the sole and exclusive judge, and the courts have no power to control the exercise of this discretion—as to whether such laws are or will be popular or unpopular, whether they will do more evil than good, or vice versa. These are not judicial

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

or juridical, but legislative or political questions with which courts have no concern.

[3] Whether or when the provisions of the act shall be put into effect in a given county or district is left to the judgment of commissioners or expert boards on the subject of tick eradication, and not to the judgment or discretion of the courts. So long as such commissioners, boards, or officers are acting within the line and scope of the authority conferred by the act, and therefore in accordance with the law, courts cannot restrain them. We find no allegation in this bill, as to any act on the part of any of these defendants, which is not authorized by the act.

It follows that the trial court ruled correctly in denying the injunction.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.