(84 South. 883)

HORN v. STATE. (4 Div. 605.)

(Court of Appeals of Alabama. April 20, 1920.)

1. ANIMALS ⬥36—COMPLAINT FAILING TO CHARGE REFUSAL TO DIP CATTLE WAS IN VIOLATION OF REGULATIONS CHARGES NO OFFENSE.

It is not a crime to fail or refuse to dip cattle infected or exposed to tick unless in violation of rules of state live stock sanitary board duly adopted, and an affidavit or complaint, failing to charge acts were done in violation of such rules duly adopted under statute conferring such power on board, does not charge an offense.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Constitutional Law ⬦⬦62—Legislature can Delegate to Boards Power to Enforce Rules Relative to Diseases, Roads, etc.**

The Legislature can delegate to boards the power to establish, promulgate, and enforce rules and regulations with reference to infectious diseases, public roads, etc.

**3. Criminal Law ⬦⬦1031(1)—Court Properly Overruled Motion to Dismiss Amendable Affidavit and Warrant not Demurred to.**

Affidavit and warrant, being amendable in the county court, and not having been there demurred to, the circuit court did not err in overruling motion to dismiss.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Alto Horn was convicted of failing or refusing to dip his cattle, and he appeals. Reversed and remanded.

The defendant was arrested upon a warrant issued out of the county court of Barbour county, charging him with "failing or refusing to dip his cattle according to the rules and regulations of the state live stock sanitary board after being duly notified by an inspector commissioned by said board." This warrant was based upon an affidavit charging the defendant with being guilty of the offense of failing or refusing to dip his cattle which were infected or exposed to the infection of ticks or margaropus annulatus, according to the rules and regulations of the state live stock sanitary board, after being duly notified by the inspector commissioned by said board.

Upon the trial in the county court there was no objection raised by demurrer, or otherwise, to the complaint, and, after hearing the evidence, the defendant was convicted. From the judgment, he appealed to the circuit court, where the solicitor, in conformity to the statute, filed an information, charging that the defendant "did fail or refuse to dip his cattle which were infested, or exposed to infection of, ticks (margaropus annulatus), according to the rules and regulations of the state live stock sanitary board, after being duly notified by an inspector duly commissioned by said board." To this information the defendant answered, first, by motion to dismiss the information because the same was founded on a void warrant, and, upon the motion being overruled, demurred to the same because the information charged no crime known to the law.

Winn & Winn, of Clayton, for appellant.

The court erred in overruling demurrers to the information and in failing to dismiss. Curlee v. State, 16 Ala. App. 62, 75 South. 268. See, also, 50 Ala. 127; 18 Ala. 112.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrer was not specific. Section 5340, Code 1907; 140 Ala. 388, 37 South. 243. The objection was not raised in the county court, and hence cannot be raised in the circuit court. The information was sufficient. 88 Ala. 83, 7 South. 101; 150 Ala. 70, 43 South. 743; 157 Ala. 3, 48 South. 107.

SAMFORD, J. [1] It is not a crime to fail or refuse to dip cattle infested or exposed to ticks unless such failure or refusal is in violation of the rules and regulations of the state live stock sanitary board, duly passed and adopted by such board in conformity to the statutes authorizing the same. Therefore, an affidavit or complaint which fails to charge that the acts were done in violation of rules and regulations duly adopted by the state live stock sanitary board under the provisions of the statute conferring on the board such power does not charge any offense known to the law. Curlee v. State, 16 Ala. App. 62, 75 South. 268; Oliver v. State, 16 Ala. App. 533, 79 South. 313, and authorities there cited.

The punishment fixed by the statute is for a violation of rules and regulations duly adopted by the state live stock sanitary board under and by authority granted to it by the Legislature, and it does not fix a punishment for the violation of any rules and regulations adopted by the board other than as above stated. Oliver v. State, supra.

[2] It has several times been held that the Legislature could delegate to boards the power to establish and promulgate and enforce rules and regulations with reference to infectious diseases, public roads, etc. Floyd v. State, 15 Ala. App. 654, 74 South. 752; Hicks v. State, 16 Ala. App. 88, 75 South. 636.

But the crime punished is by virtue of the statute which authorizes punishment after conviction on a charge alleging the violation of these rules and regulations after adoption in accordance with the act of the Legislature.

[3] It follows, therefore, that the trial court erred in overruling the demurrer to the complaint, but the affidavit and warrant being amendable in the county court, and not having been there demurred to, the court did not err in overruling the motion to dismiss.

For this error, the judgment is reversed and the cause is remanded.

Reversed and remanded.

---

⬦⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes