(89 South. 97)

**WILLIAMS v. STATE. (2 Div. 229.)**

(Court of Appeals of Alabama. April 5, 1921.)

**1. Animals ☞34—Criminal liability for failure to dip cattle not dependent on adoption of rules by board.**

Under Acts 1919, p. 30, § 5, the necessity for the adoption of rules and regulations for the dipping of cattle by the live stock sanitary board is eliminated, and hence it was not necessary for a complaint charging defendant with failing to dip his cattle to allege that the failure to dip was in violation of rules and regulations adopted by such board.

**2. Animals ☞36—Complaint for failure to dip cattle held sufficient.**

A complaint alleging that defendant, having in his possession or charge as owner, agent, or otherwise one or more cattle in a specified county, being a tick-infested or quarantined county, failed to dip them at a vat specified by the inspector in charge thereof, after receiving notice in writing so to do, such vat being the one nearest or most convenient, contained all necessary allegations, under Acts 1919, p. 30, § 5.

**3. Statutes ☞110½(1)—Act regarding cattle dipping does not violate requirement as to title and subject.**

Acts 1919, p. 30, § 5, as to dipping cattle, does not violate Const. 1901, § 45, requiring that each law shall contain but one subject, which shall be clearly expressed in its title.

**4. Criminal law ☞448(2)—Opinions and conclusions as to possibility of driving cattle to vat for dipping held properly excluded.**

On a trial for failing to dip cattle as directed by an inspector, mere opinions and conclusions of witnesses that it would have been impossible to drive defendant's cattle to the vat where he was notified to dip were properly excluded, especially where the evidence disclosed that defendant made no effort to comply with the inspector's notice.

**5. Criminal law ☞730(1)—Argument held not injurious, when objection sustained, and instruction to disregard given.**

Where defendant's objection to argument of the solicitor was sustained, and the court expressly instructed the jury not to consider it, it was not injurious.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

J. M. Williams was convicted of failing to dip his cattle, and he appealed. Affirmed.

The complaint filed by the solicitor is as follows:

Comes the state of Alabama and complains that, before the commencement of this prosecution in the county court of said county, J. M. Williams, whose Christian name is unknown to the complainant, having in possession or in charge as owner, agent, or otherwise one or more said cattle in said county, a tick-infested or quarantined county, failing to dip such

---

cattle at the vat specified by W. T. Sangsing, the inspector in charge of the vat, designated in such notice, after receiving a notice in writing so to do, said vat being the one nearest or most convenient, against the peace and dignity of the state of Alabama.

Pinkney Scott, of Bessemer, for appellant.

The demurrers to the complaint should have been sustained. 130 Ala. 127, 30 South. 338; 16 Ala. App. 63, 75 South. 269; 17 Ala. App. 128, 82 South. 576; 17 Ala. App. 419, 84 South. 883. Time should have been averred. 158 Ala. 44, 48 South. 505. Counsel discuss the errors assigned as to evidence, but without citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The defendant is wrong in assuming that the present prosecution was framed under the same statute as were the cases reported in 16 Ala. App. 62, 75 South. 268, 17 Ala. App. 128, 82 South. 576, and 17 Ala. App 419, 84 South. 883. It was held, under Acts 1919, p. 29, that the complaint was sufficient. 14 Michie's Ala. Dig. 163. The act was constitutional. 203 Ala. 271, 82 South. 521. The question was whether or not he dipped, and hence there was no error in the evidence.

MERRITT, J. The appellant was convicted in the circuit court of Bibb county for a failure to dip cattle after having been warned to do so. There were numerous demurrers interposed by appellant to the complaint filed by the solicitor, which proceed upon the idea that the act of the defendant in failing to dip his cattle is not alleged to have been in violation of the rules and regulations adopted by the state live stock sanitary board, and that the act of 1919 is void, in that it is in violation of section 45 of the Constitution of 1901, requiring that "each law shall contain but one subject, which shall be clearly expressed in its title."

[1, 2] The cases of Curlee v. State, 16 Ala. App. 62, 75 South. 268, Reims v. State, 17 Ala. App. 128, 82 South. 576, and Horn v. State, 17 Ala. App. 419, 84 South. 883, insisted upon by appellant in support of the first proposition, are not apt, for the reason that this prosecution is under the Acts of 1919, p. 29, § 5, which eliminates the necessity for the adoption of rules and regulations, and a comparison of the complaint filed by the solicitor with the provisions of the act shows that it contains all the necessary allegations. 14 Michie, Digest, p. 163.

[3] The second proposition advanced by appellant has been decided adversely to his contention in the case of Dodd v. Commissioners' Court of St. Clair County, 203 Ala. 271, 82 South. 521.

[4] The trial court properly disallowed testimony offered by the defendant, showing that it would have been impossible to drive his cattle to the vat where he was notified to dip, and testimony of a kindred nature, as all of these questions sought to elicit testimony which would have been the mere opinion and conclusion of the witness. We may state, however, that the record discloses that the defendant's cattle were wild, and hard to drive; but there appears to have been no effort to comply with the notice to dip, as the defendant himself testified:

"I did get notice to dip my cattle and to dip them at Green Pond. I did not try to dip a single one of them. I just told him it was impossible for me to drive them."

[5] The solicitor's argument, objected to by appellant's counsel, was sustained by the court, and the court expressly instructed the jury not to consider it in arriving at a verdict. It having been excluded from consideration by the jury, it does not appear how it was injurious to the defendant.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.

---

$\Longleftrightarrow$ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes