The appellant was convicted in the circuit court of Bibb county for a failure to dip cattle after having been warned to do so. There were numerous demurrers interposed by appellant to the complaint filed by the solicitor, which proceed upon the idea that the act of the defendant in failing to dip his cattle is not alleged to have been in violation of the rules and regulations adopted by the state live stock sanitary board, and that the act of 1919 is void, in that it is in violation of section 45 of the Constitution of 1901, requiring that "each law shall contain but one subject, which shall be clearly expressed in its title."
The cases of Curlee v. State, 16 Ala. App. 62, 75 So. 268, Reims v. State, 17 Ala. App. 128, 82 So. 576. and Horn v. State, 17 Ala. App. 419, 84 So. 883, insisted upon by appellant in support of the first proposition, are not apt, for the reason that this prosecution is under the Acts of 1919, p. 29, § 5, which eliminates the necessity for the adoption of rules and regulations, and a comparison of the complaint filed by the solicitor with the provisions of the act shows that it contains all the necessary allegations. 14 Michie, Digest, p. 163.
The second proposition advanced by appellant has been decided adversely to his contention in the case of Dodd v. Commissioners' Court of St. Clair County, 203 Ala. 271,82 So. 521.
The trial court properly disallowed testimony offered by the defendant, showing that it would have been impossible to drive his cattle to the vat where he was notified to dip, and testimony of a kindred nature, as all of these questions sought to elicit testimony which would have been the mere opinion and conclusion of the witness. We may state, however, that the record discloses that the defendant's cattle were wild, and hard to drive; but there appears to have been no effort to comply with the notice to dip, as the defendant himself testified:
"I did get notice to dip my cattle and to dip them at Green Pond. I did not try do dip a single one of them. I just told him it was impossible for me to drive them."
The solicitor's argument, objected to by appellant's counsel, was sustained by the court, and the court expressly instructed the jury not to consider it in arriving at a verdict. It having been excluded from consideration by the jury, it does not appear how it was injurious to the defendant.
We find no error in the record, and the judgement appealed from is affirmed.
Affirmed.