**HENDERSON v. STATE.　(4 Div. 804.)**

(Court of Appeals of Alabama.　May 8, 1923. Rehearing Denied June 26, 1923.)

**1. Animals ⬅34—Owner must dip cattle in vat specified by inspector.**

Under Acts 1919, p. 30, § 5, relating to the dipping of cattle to eradicate the fever tick, and requiring that cattle be dipped "at the vat specified by the inspector in charge of the vat most convenient or nearest to the cattle," the dipping must take place at the vat specified by the inspector, and if an owner of cattle, having had the notice required by law, fails to dip his cattle in that vat, he violates the statute, though he dips at different vat.

**2. Animals ⬅34—Evidence of dipping cattle at time and place not designated by inspector inadmissible.**

In a prosecution for failure to dip cattle after notice, evidence as to dipping at another vat than that specified by the inspector held properly excluded; it not being permissible for defendant to show that he dipped his cattle at a different time and place than that designated by the inspector.

**3. Criminal law ⬅695(2)—Testimony that a certain paper was copy of notice served on defendant held admissible as against general objection.**

In a prosecution for failing to dip cattle, it was not error to permit the inspector to testify that a certain paper was a copy of the notice served on defendant without producing the original or properly accounting for its absence, objections to the testimony being general, as it was not patently illegal or incompetent.

**4. Animals ⬅36—Affirmative charge in prosecution for failing to dip cattle properly refused.**

In a prosecution for failing to dip cattle after notice, a charge that if the jury believed the evidence beyond all reasonable doubt they should acquit held properly refused, where the evidence was ample to submit to the jury the question of guilt.

**5. Criminal law ⬅814(3)—Instruction relative to dipping cattle at vat other than that designated by inspector properly refused when not supported by evidence.**

In a prosecution for failure to dip cattle after notice, it was not error to refuse a requested charge that, if the jury believe beyond all reasonable doubt that the defendant dipped his cattle in a vat filled with a standard dip, the jury must acquit him; all testimony relative to the dipping at a vat other than that specified having been excluded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

# HENDERSON v. STATE 295

(19 Ala.App.)

On ·Rehearing.

**6. Animals ⬤⇒29—Duties of inspector under statute relating to dipping of cattle stated.**

Under Acts 1919, p. 30, § 5, requiring cattle to be dipped at the vat specified by the inspector in charge of the vat most convenient or nearest to the cattle, the inspector is required to specify the vat most convenient or nearest to the cattle, and may not arbitrarily select a vat inconvenient and far away if there be a government vat more convenient and nearer to the cattle.

Appeal from Circuit Court, Covington County; J. S. Williams, Judge.

Ira H. Henderson was convicted of failure to dip cattle after notice, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Henderson, 210 Ala. 264, 97 South. 787.

Defendant's requested charges 1 and 2 are as follows:

"(1) The court charges you, gentlemen of the jury, that if you believe the evidence in this case beyond all reasonable doubt you must acquit the defendant.

"(2) The court charges you, gentlemen of the jury, that if you believe beyond all reasonable doubt that the defendant dipped his cattle in a vat filled with a standard tick-killing arsenical dip on Saturday next following the notice to dip at the Dorman vat, this being the regular time for him to dip his cattle, you must acquit him."

E. O. Baldwin, of Andalusia, for appellant.

Carbon copy of the notice to dip was secondary evidence of the original, and inadmissible. Nailer v. State, 18 Ala. App. 127, 90 South. 131. The defendant, having dipped his cattle at the nearest or most convenient vat, was entitled to the affirmative charge. Acts 1919, p. 29, § 5.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

When defendant is notified to dip his cattle at a certain time and a certain vat, he must do so, or be guilty of a violation of the act. Williams v. State, 18 Ala. App. 83, 89 South. 97.

FOSTER, J. The defendant, appellant, was indicted for violating an act to establish and provide for state-wide eradication of the cattle fever tick, etc., approved February 17, 1919 (Acts 1919, p. 30). Section 5 of said act reads as follows:

"That every person, firm, company or corporation having in possession or in charge as owner, agent or otherwise one or more cattle in a tick-infested or quarantined * * * premise, range, farm or pasture, that has not been released from state and federal quarantine, shall dip the cattle regularly once every two weeks on the day and at the vat specified by the inspector in charge of the vat most convenient or nearest to the cattle. One printed or written dipping notice, given by the inspector to the person or persons in charge of or in possession of the cattle, shall be legally sufficient to require the owner, agent, firm or person in charge to dip the cattle regularly every two weeks until released from quarantine."

The defendant was notified in writing by R. T. Justice, live stock inspector in charge of the Dorman vat in Covington county, to dip his cattle on August 27, 1921. The evidence showed that the section in which defendant lived was a tick-infested area, and was then under quarantine; that the defendant owned cattle in this tick-infested area; and that he did not dip them on August 27th at the Dorman vat, which was a government vat. The defendant sought to introduce evidence that he dipped his cattle at the Wiggins vat on the day the inspector notified him to dip; that this vat had been built by the citizens of that community; that it was under government inspection; that Justice, the inspector, had notified only three persons, Wiggins, Adams, and Jim Henderson, to dip at that vat, and that defendant had not been notified to dip there; that the Wiggins vat was nearer to defendant than the Dorman vat, which was on the opposite side of the river; that the inspector was not there when defendant dipped; and that the Wiggins vat was charged with the solution as required by law. The lower court refused to allow the introduction of the above testimony offered by defendant.

[1] Section 5 of said act requires that cattle be dipped "at the vat specified by the inspector in charge of the vat most convenient or nearest to the cattle." The dipping must take place "at the vat specified by the inspector," and if the defendant having had the notice required by law, failed to dip his cattle at the vat so specified, he violated the plain mandate of the statute.

In Williams v. State, 18 Ala. App. 83, 89 South. 97, the defendant sought to show that his cattle were so wild that it would have been impossible to drive them to the vat where he was notified to dip. The court refused to admit such testimony, and this court held that such refusal was proper.

[2] The defendant offered to show that he dipped at the Wiggins vat on the day he was notified by the inspector to dip at the Dorman vat. The inspector was present and supervised the dipping at the Dorman vat, and was not present when the defendant claims he dipped at the Wiggins vat. Jim Henderson, a witness for defendant, testified that he did not know on what day the defendant dipped at the Wiggins vat; he could not say that it was on August 27th or the Saturday thereafter, or what the date was.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

All of this testimony was upon motion by the state's counsel excluded by the trial court. This action of the court was not error.

It was not permissible for the defendant to show that he dipped his cattle at a different time and place. The defendant had no right to specify or select the time and place for dipping; this was the duty of the inspector.

[3] Appellant's counsel insists that the court erred in permitting the inspector, Justice, to testify that a certain paper was a copy of the notice served on the defendant without requiring the production of the original or properly accounting for its absence. A general objection was made to the introduction of the evidence referred to, and no specific ground of objection was assigned; but R. A. Jones, a witness for the state, testified without objection by defendant that he was present with Mr. Justice when he served the dipping notice on the defendant, and that the paper in question was a carbon copy of the notice served, and that "this notice said for him to dip at the Dorman vat on August 27th," and that witness was there and defendant did not dip his cattle.

All objections to the testimony were general, and as it was relevant and material and not patently illegal or incompetent, the court will not be put in error for admitting it.

[4] The court properly refused charge No. 1 requested by defendant. There was ample evidence to submit to the jury the question of the guilt of the defendant.

[5] Charge No. 2 requested by defendant was properly refused. All testimony relative to the dipping of his cattle by the defendant at another vat than the Dorman vat was excluded by the court, and there was no evidence before the jury upon which to predicate the charge. Furthermore, it was no defense that the defendant dipped at a vat which he selected and not at the Dorman vat "specified" by the inspector.

There are no errors in the record.

The judgment of the lower court is affirmed.

Affirmed.

### On Rehearing.

[6] Section 5 of the act approved February 17, 1919 (Acts 1919, p. 30), requires that cattle be dipped "at the vat specified by the inspector in charge of the vat most convenient or nearest to the cattle." The dipping must take place at the vat specified by the inspector, but the inspector is required to comply with the law and to specify the vat most convenient or nearest to the cattle, and may not arbitrarily select a vat inconvenient and far away, if there be a government vat more convenient and nearer to the cattle.

The owner of cattle may not satisfy the law by dipping at a private vat when the owner had no interest in such vat and when the inspector has notified him to dip at a government vat.

Application for rehearing is overruled.