# Gordon v. The State.

### Indictment for Illegal Voting.

1. *Indictment for illegal voting; sufficiency of.* — A count of an indictment, framed under § 40 of the act to regulate elections, &c., approved April 22, 1873, charging that the defendant, not being twenty-one years of age, voted at a given general election held in this State, is sufficient; but a mere general accusation of illegal voting, without specifying in what the illegal voting consisted, is not sufficient to support a conviction.

2. *Minor; when cannot be convicted of illegal voting.* — A minor, who is otherwise duly qualified, cannot be convicted of illegal voting because he was not of the requisite age, if he voted under the honest belief, induced by information, from parents, relatives, or acquaintances having knowledge of the time of his birth, that he had obtained his majority.

3. *Same; mistake of fact as to age, &c., when no excuse.* — If one votes recklessly or carelessly, when the facts are doubtful or uncertain, his ignorance will not excuse him, if in fact he was not qualified; and whether the defendant acted honestly on diligent inquiry, or recklessly without proper care to learn the facts, is a matter which should be left to the determination of the jury.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCaleb Wiley.
The opinion states the case.

J. H. COWAN, for appellant. — Honest ignorance of fact, without fault on defendant's part, will excuse what would otherwise be an offence. It negatives a criminal intent. 2 Bish. Crim. Law, § 276.

John W. A. Sanford, Attorney General, *contra*, cited *Schuster* v. *The State*, 48 Ala. 199.

BRICKELL, C. J. — This indictment is founded on the fortieth section of the statute, approved April 22, 1873, entitled "An act to regulate elections in the State of Alabama," which declares: "That any person voting more than once at any election held in this State, or depositing more than one ballot for the same office at such election, or is guilty of any other kind of illegal or fraudulent voting, shall be deemed guilty of a felony," &c. Pamph. Acts 1872–3, p. 25. The first count charges that the appellant, not being of the age of twenty-one years, voted at the last general election in this State. The

second count is a general accusation of illegal voting, not speci-
fying in what the illegality consisted, whether in a want of
legal qualification, or in voting more than once, or in deposit-
ing more ballots than one, and is not sufficient to support a
conviction.  2 Bish. Cr. Pr. § 275.   The evidence, as disclosed
in the bill of exceptions, tended only to support the charge
contained in the first count.  Two witnesses were examined on
the behalf of defendant; one, his mother, and the other an ac-
quaintance who had known him from his birth, and resided in
the same neighborhood, and for a long time a member of the
same family with defendant, and they testified the defendant
was of the age of twenty-one years, in the August preceding
the election.  That they had frequently told defendant he would
be of full age in that month, and subsequently and before the
election told him he was of age.  The court refused to charge
the jury that if the defendant, in reliance on these statements,
honestly believed he was of full age when he voted, he should
not be convicted, if the evidence convinced the jury he was not
of age.

"All crime exists, primarily, in the mind." A wrongful act
and a wrongful intent must concur, to constitute what the law
deems a crime.   When an act denounced by the law is proved
to have been committed, in the absence of countervailing evi-
dence, the criminal intent is inferred from the commission of
the act.   The inference may be, and often is removed by the
attending circumstances, showing the absence of a criminal in-
tent.   Ignorance of law is never an excuse, whether a party
is charged civilly or criminally.  Ignorance of fact may often
be received to absolve a party from civil or criminal responsi-
bility.  On the presumption that every one capable of acting
for himself knows the law, courts are compelled to proceed.
If it should be abandoned, the administration of justice would
be impossible, as every cause would be embarrassed with the
collateral inquiry of the extent of legal knowledge of the
parties seeking to enforce or avoid liability and responsibility.

The criminal intention being of the essence of crime, if the
intent is dependent on a knowledge of particular facts, a want
of such knowledge, not the result of carelessness or negligence,
relieves the act of criminality.  An illustration may be found in
the vending of obscene or immoral publications.   A knowledge
of the character of such publications is an indispensable ingre-
dient of the offence.   From the vending it would be inferable ;
but if it appeared the vendor was blind, and in the course of his
trade happened innocently to make the sale, a want of knowl-
edge of the character of the publication would relieve him from
criminal responsibility.   A man having in his possession coun-
terfeit coin, or forged bank bills, with intent to put them in

circulation, could not be convicted of crime, if he was ignorant of their spuriousness.  A statute imposed a penalty on the owner or captain of any steamboat receiving and transporting any colored person, without having particular evidence that such person was free.  The penalty could be inflicted only on the captain or owner who knowingly transported such person. If the person of color, without the knowledge or consent of the captain or owner, entered the boat, concealing himself, and was thus carried away, the penalty was not incurred.  *Duncan* v. *State*, 7 Humph. 148.  Illegal voting, when it is supposed to arise from the want of legal qualifications, is dependent on the voter's knowledge of the particular facts which make up the qualification.  Every man is bound to know the law requires that every voter shall be a native born or naturalized citizen of the United States, of the age of twenty-one years, and have resided in the State six months, and the county in which he offers to vote, three months next preceding the election, and must not have been convicted of the offences mentioned in the Constitution as the disqualification of an elector.  He is bound to exercise reasonable diligence to ascertain the facts which enter into and form these qualifications.  Having exercised this diligence, if he resided near the boundary line of a county, and should be informed by those having the means of knowledge that his residence was within the county, and he, without a knowledge of the real facts, honestly acting on this information, should vote, he could not fairly be charged with illegal voting, though on a subsequent survey, or on some other evidence, it should be ascertained his residence was not within the county. The precise time when a man arrives at the age of twenty-one years is a fact, knowledge of which he derives necessarily from his parents, or other relatives or acquaintances having knowledge of the time of his birth.  If acting in good faith, on information fairly obtained from them under an honest belief that he had reached the age, he votes, having the other necessary qualifications, illegal voting should not be imputed to him. The intent which makes up the crime cannot be affirmed. Whether he had the belief that he was a qualified voter, and the information was fairly obtained, should be referred to, and determined by the jury.  The whole inquiry should be directed to the voter's knowledge of facts, and to his diligence in acquiring the requisite knowledge.  If he votes recklessly or carelessly, when the facts are doubtful or uncertain, his ignorance should not excuse him, if the real facts show he was not qualified.  If ignorant of the disqualifying fact, and without a want of diligence, under an honest belief of his right to·vote, he should be excused, though he had not the right.  2 Bish Cr. Law, §§ 276–279 ; *State* v. *Boyett*, 10 Ired. 336 ; *McGuire* v. *State*, 7

Humph. 54 ; *Commonwealth* v. *Bradford*, 9 Met. 268 ; *Commonwealth* v. *Aglar*, Thatcher's Cr. Cases, 412.

The charge given by the circuit court, and several of the refusals to charge, were according to these views erroneous, and the judgment must be reversed, and the cause remanded. The appellant must remain in custody until discharged by due course of law.