# Hill *v.* The State.

*Indictment for selling or giving Spirituous Liquor to Minor.*

1. *Code of 1876, section 4205, what act within.*—Under section 4205 of the Code of 1876, the ownership of the liquor given to a minor is immaterial. It is the voluntary delivery into the possession of a minor, or person of known intemperate habits, with or without any thing being given in consideration, which the statute denounces and punishes.

2. *Intent; what sufficient.*—No other intent is necessary to support a convic-tion, than that which the act of voluntarily delivering the liquor to a person of known intemperate habits, or to one known to be a minor, of itself imports. When this act is voluntarily done, the law is broken.

3. *Drunkenness; when no defense.*—As no particular intent, or mental status must have concurred with the act, to constitute the offense, the voluntary drunkenness of the defendant would furnish no defense, and constitute no excuse or palliation for the criminal act.

APPEAL from Lee Circuit Court.

Tried before Hon. JAMES E. COBB.

The appellant, Dick Hill, was tried and convicted of giving liquor to one Robert Whitten, a minor. It was shown that on an election day, whiskey had been provided *for election purposes,* and the appellant had charge of, and permission to drink and give away the whiskey. While drinking, the minor asked him for a drink, and he gave it to him. There was evidence that the appellant was very drunk at the time. The appellant requested the following charges : "That if the jury believe, from the evidence, the defendant merely handed spirituous, vinous or malt liquor to a minor, as charged in the indictment, which said spirituous, vinous, or malt liquor belonged to some one else and not to defendant, they must

find the defendant not guilty. 2. That if the jury believe, from the evidence, that the defendant, Dick Hill, was drunk at the time he gave the boy, Robert Whitten, the liquor, and in such state of mind that he did not know what he was doing, they may look to this as a fact, if the proof shows it to be a fact, tending to show that he had no criminal intent when he gave the boy the liquor, and that if they find he had no such criminal intent they must acquit him. 3. The jury must find from the evidence the existence of a criminal intent in the mind of the defendant, Dick Hill, before they can convict him as charged in the indictment. 4. A criminal intent is a necessary ingredient of the offense of giving or selling spirituous, malt, or vinous liquors to a minor, and that before the jury can find the defendant guilty, as charged in the indictment, they must find that he had the intent to violate the statute. 6. If the jury believe, from the evidence, that the defendant is not guilty as charged in the indictment, if they construe the terms of the statute under which this indictment is found in their ordinary and usual signification, then they must not find the defendant guilty, merely to carry out the spirit of the statute." Each of these charges was separately refused and a separate exception reserved.

W. P. PINCKARD, for appellant.

H. C. TOMPKINS, Attorney-General, *contra.*

BRICKELL, C. J.—The indictment, in the prescribed form, charges the appellant with selling or giving spirituous, vinous, or malt liquors to Robert Whitten, a minor. On the trial, it was shown that, on an election day, whiskey had been provided *for election purposes*, and the appellant had permission to drink it himself, and give it to voters. While drinking, the minor asked him for a drink, and he gave it to him. The evidence tended to show the appellant, at the time, was very drunk. The appellant requested of the court six several charges, which were refused, and the refusal is the matter now insisted on as ground for the reversal of the judgment of conviction.

1. The first of these is, that merely handing to a minor spirituous liquor belonging to a third person, is not a violation of the statute. The words of the statute are: "Any person, whether with or without a license, who shall sell or give away spirituous, vinous, or malt liquors, in any quantity whatever, to minors or persons of known intemperate habits, except upon the requisition of a physician for medicinal purposes, is guilty of a misdemeanor," &c.—Code of 1876, § 4205.

The ownership of the liquor is not an ingredient of the offense. It is the voluntary delivery into the possession of a minor, or of a person of known intemperate habits, with or without any thing being given in consideration of the liquor, the statute denounces and punishes.

2. The remaining instructions proceed upon the idea, that a specific intent to violate the statute, is an essential element of the defense. No other intent is necessary, than that which the act of delivering the liquor to a person known to be a minor, of itself imports. When this act is voluntarily done, the law is broken.—*Bain v. State*, MSS. The drunkenness of the appellant did not excuse or palliate the offense. If a particular intent, or a particular mental *status*, must have concurred with the act, to constitute the offense, it would have been material to inquire whether the drunkenness of the defendant did not exclude such intent or state of the mind.—*State v. Bullock*, 13 Ala. 413; *Mooney v. State*, 33 Ala. 419. But voluntary drunkenness is no excuse or palliation of a criminal act. The instructions requested were properly refused, and the judgment must be affirmed.