# McDaniel *v*. The State.

## *Murder.*

(Decided June 18, 1908.   46 South. 988.)

1. *Homicide; Unintentional Killing.*—It being a misdemeanor under section 4342, Code 1896, to present a gun or other fire arm, whether loaded or unloaded at another person, one who intentionally points his gun at .another without any intention to take life, and the gun is accidentally discharged, producing death, is guilty of manslaughter in the second degree; but if the gun is accidentally discharged while lying across such person's lap, and not intentionally pointed at deceased, the killing would be accidental.

2. *Same; Instructions.*—Where the evidence for defendant tended to show that the gun was discharged while lying across his lap, he was entitled to have a jury instructed that there could be no unlawful presentation of a gun at a person unless the presentation was intentional, but was not entitled to an instruction that the jury must find from the evidence beyond all reasonable doubt that the defendant intentionally pointed the gun at decedent, and if they were not so satisfied they must acquit.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Ben McDaniel was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded.

The facts sufficiently appear in the opinion of the court. The following charges were refused to the defendant: (1) "There can be no unlawful presentation of a gun at a person, unless the presentation is intentional." "(2) The jury must find from the evidence beyond all reasonable doubt that the defendant intentionally pointed the gun at the deceased, and if they are not so satisfied from the evidence they must find the defendant not guilty."

GEORGE P. JONES, for appellant. If the pointing of the gun was intentional but was accidentally discharged, the result would be that the defendant was guilty

[McDaniel v. The State.]

of manslaughter in the 2nd degree.—Section 6893, Code 1907; *Mitchell v. The State,* 60 Ala. 33; *Johnson v. The State,* 94 Ala. 41; *Barnes v. The State,* 134 Ala. 41; *Robbins v. The State,* 8 Ohio St. 171. On these author-ities, the 1st and 2nd charges requested by the defendant should have been given.

ALEXANDER M. GARBER, Attorney-General, for the State. The court did not err in its oral charge to the jury nor in refusing the charges requested by the de-fendant.—Section 4343, Code 1896; *Sanders v. The State,* 105 Ala. 4; *Barnes v. The State,* 134 Ala. 36.

HARALSON, J.—The defendant was indicted for manslaughter in the second degree, charging him with unlawfully and unintentionally, but without malice, killing Mamie Walker by shooting her with a gun.

The evidence for the state tended to show, that the defendant was at the house of one Blue, where the deceased, a child 5 years old, and two other children, 12 and 10 years old, respectively, and other persons were assembled; that the children and defendant were playing with each other; that defendant came into the room with his gun which was loaded, and was sitting on a bench in the room, got up, raised his weapon and shot the deceased.

The evidence for the defendant tended to show, that he had the gun on his lap, with the muzzle towards the door; that he did not cock the gun or point it at deceased, and he did not know how it came to fire.

The court in its general charge correctly stated to the jury: "The state contends, that the defendant got off of the bench and placed the gun to his shoulder and pointed it at Mamie Walker, and that while in this posi-tion, the gun was discharged," etc.

"The defendant contends, that he was sitting on the bench, with the gun across his lap, and that the gun was accidentally discharged and killed Mamie Walker."

The court charged the jury, that if they believed the contention of the state, beyond reasonable doubt, they must find the defendant guiley of manslaughter in the second degree; but that if they did not believe the contention of the state, beyond reasonable doubt, and if they were reasonably satisfied that the contention of the defendant was true, they must find for him.

The defendant was found guilty, and sentenced to perform hard labor for the county for 12 months, and to pay a fine of $50, for the offense.

Section 4342 of the Criminal Code of 1896 provides, that 'any person who presents at another person any gun, pistol or other fire arm, whether loaded or unloaded, must, on conviction, be fined not less than ten nor more than one hundred dollars."

If the gun was pointed intentionally by defendant at deceased, without any intention whatever to take life, but by accident it was discharged, producing death, he would be guilty of the crime for which he was convicted. "The jury might have found that the shooting was accidental, and yet have also believed that the fatal shot was fired by defendant in the course of the unlawful act of presenting a gun at the person of deceased." —*Sanders v. State,* 105 Ala. 4, 16 South. 935; *Roland v. State,* 105 Ala. 41, 17 South. 99; *Johnson v. State,* 94 Ala. 35, 10 South. 667.

Charge 1, requested by defendant, should have been given. It is in effect a simple statement of an element necessary to constitute an unlawful presentation.

Charge 3, requested by defendant, was properly refused, for the reason that it required an acquittal upon only one phase of the testimony, to wit, an intentional

presentation; whereas, it was open to the jury to find that the homicide occurred by reason of gross negligence in the handling of the gun.

For the error pointed out, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.