# Brewer v. The State.

### Shooting Into Dwelling.

(Decided April 3, 1917. 74 South. 764.)

1. **Indictment; Shooting Into Dwelling House.**—An indictment under § 6897, Code 1907, should allege that the shooting was unlawful, and failing to do so is fatally defective.

[Brewer v. The State.]

2. **Same; Ownership; Negativing.**—An indictment drawn under § 6897, Code 1907, should negative the ownership of defendant of the house fired upon under the provisions of § 7147, Code 1907.

3. **Evidence; Admissibility.**—The testimony of an officer that he had a warrant for, and had searched for a witness of defendant was not admissible, since it was irrelevant and calculated to discredit the witness.

4. **Weapons; Shooting into Dwelling.**—The provisions of § 6897, Code 1907, may be violated by two or more persons conspiring together.

5. **Conspiracy; Evidence.**—A conspiracy need not be established by positive testimony, nor need a prearrangement to do a specific wrong be shown.

6. **Same; Charge of Court; Modification.**—A special requested charge which needs qualification, modification or restriction, should be refused.

7. **Same.**—Where a court gives a charge as requested, it is an error to qualify or modify it.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Millege Brewer was convicted of shooting into a dwelling house and he appeals. Reversed and remanded.

WILLIAM STELL, TRAVIS WILLIAMS, and JAMES M. BROWN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, P. J.—(1, 2) The defendant was convicted of the offense denounced by section 6897, Code 1907, and the evidence shows that the house shot at or into was the dwelling house of J. L. Lindley. The indictment charges "that Fayette Miller, Millege Brewer, and Frank Strawbridge shot a pistol, or other firearm at, into, through, or against a dwelling house." This indictment is fatally defective in not showing that the shooting was unlawful. The indictment should negative the defendant's ownership.—*Emmonds v. State,* 87 Ala. 12, 6 South. 54; Code 1907, § 7147.

(3) The testimony of the witness Cox, offered in rebuttal, merely shows that he was an officer, that as such he had a warrant for the witness Griffith, and that the officer went to Griffith's house and searched for him. Whether he found Griffith or not is not shown. This evidence was clearly irrelevant to the issue, and its tendency was to discredit the witness by showing that he was charged with some offense.

(4, 5) The offense denounced by the statute is susceptible of being committed by two or more persons conspiring together

[Brewer v. The State.]

to that end. Conspiracy, or a common purpose to do an unlawful act, need not be shown by positive testimony; nor need it be shown that there was prearrangement to do the specified wrong complained of.—*Jones v. State*, 174 Ala. 53, 57 South. 31. The exception to the oral charge of the court is not sustained. The same principle justified the refusal of the special charges requested by the defendant. The remarks of the court after giving charge 10 were explanatory of the charge, and not improper.— *Lewis v. State*, 96 Ala. 6, 11 South. 259, 38 Am. St. Rep. 75; *N. A. R. R. Co. v. White*, 14 Ala. App. 228, 69 South. 308.

(6, 7) If a special charge requested needs qualification, modification, or restriction to render it correct, it should be refused; and if the court gives a charge, it is error to add qualification. "Any other ruling nullifies the plain terms of the statute."—*Eiland v. State*, 52 Ala. 322; *A. G. S. R. R. Co. v. Moody*, 92 Ala. 285, 9 South. 238; *Williams v. State*, 113 Ala. 63, 21 South. 463; *Schieffelin v. Schieffelin*, 127 Ala. 38, 28 South. 687. The court erred in qualifying charge 12 given at defendant's instance. Furthermore, the qualification was incorrect. The evidence must exclude all reasonable doubt of guilt.—1 Mayf. Dig. 314, § 2.

For the errors pointed out, the judgment is reversed.

Reversed and remanded.