(88 South. 422)

### STATE v. TWENTY-TWO SACKS DAISY HORSE AND MULE FEED.
(6 Div. 167.)

(Supreme Court of Alabama.	April 7, 1921.)

1. Weights and measures ⬥11—That only one of 22 sacks was under weight would have been a strong circumstance that there was no intent to deceive.

In action to condemn 22 sacks of feedstuff on the ground of being under weight under Acts 1919, p. 1069, § 11, and Acts 1919, p. 88, § 2, the fact that 21 of the sacks were practically correct, and that only one was nine pounds under weight, would have been a strong if not a conclusive circumstance that there was no intent to deceive or defraud.

2. Weights and measures ⬥11—Evidence of underweight held to prove intent to deceive.

In state's action to condemn 22 sacks of feedstuff as being under weight in violation of Acts 1919, p. 1069, § 11, and Acts 1919, p. 88, § 2, evidence that 21 out of the 22 sacks purporting to weigh 100 pounds each were under weight in the aggregate of 100 pounds *held* suf-

ficient in the absence of evidence to the contrary to prove the intent to deceive or defraud.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by the State of Alabama to seize and condemn 22 sacks of Daisy horse and mule feed because of underweight. From a decree denying relief and restoring said feed, the State appeals. Affirmed in part, and in part reversed and remanded, with directions.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The bags contained less than the certified weight, and 21 of them should have been condemned. Acts 1919, p. 88, and Acts 1919, p. 1069.

MILLER, J. This is an application by the state of Alabama through a duly authorized representative of the Commissioner of Agriculture and Industries to have 22 sacks of feedstuff seized and forfeited to the state, and delivered to its Department of Agriculture.

The proper complaint on oath was made, writ of seizure issued, and the 22 sacks were taken in possession under the writ by the sheriff.

The solicitor of the circuit made written application to the court to have said 22 sacks of feed forfeited to the state and delivered to the Commissioner of Agriculture and Industries, and alleges as grounds therefor: That the 22 sacks of feed were located at the place of business of Charles A. Jones & Co., 2205 Morris avenue, Birmingham, Ala.; each sack was labeled, "Daisy Horse & Mule Feed, one hundred pounds manufactured by Western Grain Company, Birmingham, Ala.;" that it was being sold, offered or exposed for sale; that it violated the law in that the label "one hundred pounds" net weight was false, deceptive, and misleading, as the sacks did not weigh 100 pounds each. The petition of the solicitor follows the affidavit made for the issuance of the writ of seizure.

There is no demurrer, answer, or plea to the complaint or the petition.

There were 22 sacks of feed. Each sack had labeled on it: "100 lbs. Daisy Horse and Mule Feed. Manufactured by Western Grain Company, Birmingham, Ala.,"—with the analysis of its contents and on the back of the above is, "Alabama Stamp Tax. 100 pounds. One cent."

They were for sale at the place of business of Charles A. Jones & Co., 2205 Morris avenue, Birmingham, Ala. One sack weighed 109 pounds. Twenty-one sacks varied in weight from 88 to 98 pounds—all under 100 pounds. The 22 sacks weighed 2,084 pounds, 116 pounds less than their labels called for, and only 84 pounds over a ton. The 21 un-

---

derweight sacks total in pounds 1,975—25 pounds less than a ton. Any 20 of the 22 sacks would weigh practically 1,900 pounds. The manufacturer was saving· about 100 pounds on the ton. It was selling, by the underweight in the sacks, about 1,900 pounds for a ton.

[1] If one sack was 9 pounds under weight, and 21 of proper weight or practically correct, it would be a strong, if not conclusive, circumstance of no intent to have an underweight and no intent to deceive or defraud.

[2] In this case there is one sack out of 22 over weight, and 21 out of 22 under weight, reducing it per ton about 100 pounds. This, with no evidence to the contrary, impresses the court that the weight of the 21 sacks is false, that it was done to deceive or defraud, and, it being for sale or offered for sale, should be condemned and forfeited to the state of Alabama.

The design of the act is to make the label on a sack of feed speak the truth as to its contents. If it does not, and the proof shows it was done to deceive or defraud, and it was kept for sale or offered for sale, it is subject to condemnation and forfeiture to the state.

The court below ordered the 22 sacks to be delivered to Charles A. Jones & Co., the claimants, from whose place of business it was seized.

The court should have ordered the sack weighing 109 pounds delivered to Charles A. Jones & Co., and the other 21 sacks forfeited to the state of Alabama and provided for their delivery to the Commissioner of Agriculture and Industries as the law directs. Acts 1919, p. 1069, § 11; Acts 1919, p. 88, § 2.

Affirmed in part, and reversed and rendered, with directions.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.