(104 So. 865)

### JACKSON v. STATE.  (8 Div. 260.)

(Court of Appeals of Alabama.  June 30, 1925.)

1. Intoxicating liquors ⬤═>238(1) — Evidence sufficient to make jury question.

In prosecution for violation of the prohibition law, evidence that accused at time of arrest had pint bottle of red whisky in his coat pocket *held* to make question for jury.

2. Intoxicating liquors ⬤═>239(4)—Instruction held to correctly submit defense of not knowing liquor was in pocket.

In prosecution for violation of the prohibition law, where pint bottle of red whisky was found in coat pocket of accused, and he disclaimed all knowledge of or consent to its presence, an instruction that, unless jury believed beyond reasonable doubt that he knew of it, they must acquit, together with instruction that, if accused did not know he had whisky in pocket, and did not put it there, he must be acquitted, *held* to properly present defense.

3. Criminal law ⬤═>554— Jury has right to weigh evidence.

Although jury may not capriciously set aside evidence of accused, it has right to determine weight to be given his evidence and that of his witnesses.

4. Criminal law ⬤═>1158(1) — Appellate court may not substitute itself for jury in appeal from conviction of prohibition violation.

Notwithstanding unusual terms of Loc. Acts 1923, p. 276, § 19, appellate court cannot substitute itself for jury on appeal from conviction for violation of the prohibition law, as it could in cases tried by court without a jury.

---

⬤═>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Law and Equity Court, Franklin County; William Stell, Special Judge.

Lee L. Jackson was convicted of violating the prohibition law, and he appeals. Affirmed.

Williams & Chenault, of Russellville, for appellant.

Counsel argue for error in refusal of the affirmative charge, and cite Harbin v. State, 210 Ala. 55, 97 So. 426; Taylor v. State, ante, p. 161, 101 So. 160.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. From a judgment of conviction for a violation of the prohibition law this appeal was taken.

[1] The principal insistence of error is based upon the refusal of the court to direct a verdict for defendant as requested in writing. The contention in the court below, and here, being made upon the grounds that the evidence in this case, failed to meet the burden resting upon the state, and that upon the whole evidence, as a matter of law, the defendant should have been acquitted.

[2] This court has read the evidence adduced upon the trial, and has given it careful consideration. As a result we are constrained to hold that a jury question was presented, and therefore the trial court was under no duty, in fact was without authority, to give the affirmative charge requested by appellant. Lee v. State, 18 Ala. App. 566, 93 So. 59; Anderson v. State, 18 Ala. App. 585, 587, 93 So. 279. The evidence without dispute or conflict disclosed that at the time of the arrest of this appellant in the Reid Pool Room in Russellville a pint bottle of red whisky was in his coat pocket. Defendant at the time of his arrest and upon the trial disclaimed all knowledge of the whisky being in his pocket, and strenuously insisted it was put there without his knowledge or consent. He testified to this effect, and offered testimony of other witnesses which tended strongly to corroborate him. If the testimony of defendant and that of his witnesses in this connection is true, his conviction is wrongful, for the law does not contemplate the conviction of any person for the possession of whisky when such possession is unknown to the accused. In this connection the court stated to the jury, in the oral charge:

"The defendant contends that he did not know the whisky was in his pocket; that he had no knowledge of it, and that it was some one else who placed the whisky in his pocket. * * * If you believe beyond a reasonable doubt that the defendant knew that he had this whisky in his pocket, it is your duty to convict him. If

you do not believe this beyond a reasonable doubt, then it will be your duty to acquit him."

The court also gave, at the request of defendant, the following written charge:

"I charge you gentlemen, that if you find from the evidence that the defendant had in his pocket a bottle of whisky, and did not himself put it in his pocket and did not in fact know it was in his pocket, and was not conscious of having it in his possession, then you should acquit the defendant."

[3, 4] Thus the court took the correct view of the law governing this case. It was, as stated, a question for the jury and not a question of law for the court. In its deliberations the jury, it appears, gave but slight, if any, weight to the evidence of the defendant and that of his witnesses; this, of course, they had a right to do, although a jury has not the right to capriciously set aside the testimony even of the defendant. It is, however, the function of the jury to decide the facts of a case where there is a conflict or dispute. If this case had been tried by the court without a jury, under section 19 of the act establishing a law and equity court for Franklin county, this court could have reviewed the judgment rendered, and, if error appeared, could have rendered here judgment in the cause as the court below should have rendered, etc. But, even under the unusual terms of said statute (Local Acts 1923, p. 272), the authority is not conferred upon this court to substitute itself for the jury. Had we that authority we would here render judgment for defendant under all the evidence in this record. In its present status this cause may present a matter for the consideration of the pardoning powers, but this court has no such powers, and, as a result of finding no error in the rulings of the trial court, we must perforce order that the judgment appealed from be affirmed. Our jurisdiction is appellate only in matters of this character. See Woodson v. State, 170 Ala. 87, 54 So. 191.

The judgment appealed from is affirmed.

Affirmed.