(110 So. 56)

### BOWEN v. STATE. (8 Div. 479.)

(Court of Appeals of Alabama. Sept. 7, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Weapons ⬦⮞17(1).**

Affidavit charging that defendant "did present a gun at affiant" *held* fatally defective.

**2. Criminal law ⬦⮞159.**

Where original affidavit charging misdemeanor was fatally defective and new affidavit was executed more than twelve months after the offense, prosecution was barred by statute of limitations.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Heck Bowen was convicted of an offense, and he appeals. Reversed and remanded on rehearing.

The original affidavit, dated August 7, 1924, charged that defendant "did present a gun at affiant."

The amended affidavit, dated August 7, 1925, charged that defendant "unlawfully did present a firearm at affiant."

S. A. Lynne, of Decatur, for appellant.

The original affidavit failed to charge an offense, and could not be amended after the

---

lapse of 12 months. Brewer v. State, 15 Ala. App. 681, 74 So. 764.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1, 2] The former opinion in this case is withdrawn and annulled. A further consideration of this case convinces us that the trial court should have granted defendant's motion for a new trial and that, in denying said motion, the court committed reversible error. The original affidavit was fatally defective and charged no offense, and would not support a judgment of conviction. Brewer v. State, 15 Ala. App. 681, 74 So. 764. The offense attempted to be therein charged was a misdemeanor and, after 12 months from the alleged date of commission, was barred by the statute of limitations. The new affidavit could not be predicated upon the original affidavit, it being void; and, as to the new affidavit, it affirmatively appears that the offense complained of was committed, if committed at all, more than 12 months before the affidavit was sworn out. This would appear to be conclusive of this case. Other grounds of the motion for new trial appear meritorious, but need not be discussed.

Motion for rehearing granted.

Reversed and remanded.