(119 So. 238)

## COMMISSIONERS' COURT OF CLARKE COUNTY v. STATE ex rel. CARY, State Veterinarian. (I Div. 525.)

Supreme Court of Alabama.    Dec. 20, 1928.

Adams & Gillmore and Frank E. Poole, all of Grove Hill, and Smiths, Young & Johnston, of Mobile, for appellants.

· Charlie C. McCall, Atty. Gen., C. L. Hybart, Sp. Asst. Atty. Gen., and Tucker & Mabry, of Grove Hill, for appellee.

GARDNER, J.  The purpose of the bill filed in this cause is to compel the commissioners' court of Clarke county to make provision for the execution of the law for tick eradication in that county.  The sufficiency of the bill to this end was determined on former appeal (Cary, State Veterinarian, v. Commissioners' Court [Ala. Sup.] 116 So. 743 [1]), and, following a reversal of the cause, an answer was filed, setting up as the principal defense the financial inability of the county to provide the necessary funds for the work.  Proof was taken orally before the court, and, upon conclusion thereof, a decree was rendered granting the relief prayed for, and from such decree respondents prosecute this appeal.

Upon consideration of the cause on former appeal, it was held that the statute (section 590, Agricultural Code 1927) assumed that the county was able to provide for tick eradication, and "the burden of showing the county is in good faith refusing or failing to execute the law rests upon the county; * * * that the general duty of initiative rests upon the commissioners and their court in the administration of the law, and that when the state veterinarian has furnished the information required by section 578 of the Agricultural Code, * * * the county body, failing or refusing to proceed, must be taken in default unless and until, in answer to a bill filed, it shall show the court that county finances will not permit the expenditure."

Under the provisions of section 576 of the Agricultural Code, the work of tick eradication shall "be taken up in all counties that shall be at any time partially or completely tick infested."  That Clarke county was partially "tick infested" is established by the uncontradicted proof.  Work of tick eradication had been carried on in that county in 1923, but discontinued in 1924 and not since renewed.  That the state veterinarian, through his representative, had made several efforts to have the commissioners' court provide for this work, and had furnished to said court the information required by section 578, supra, is also established without conflict; and the state board of agriculture had likewise made effort to have the commissioners' court provide for the work, appropriating $20,000 at one time, and such appropriation is available for another year should the work proceed.  All of this was without avail.  Complainant's prima facie case was therefore clearly proven, and the burden of proof shifted to the respondents to show that the county finances would not permit the expenditure.

The insistence of counsel for appellant that a prima facie case for complainant had not been proven, rests upon consideration of the provisions of section 572 of the Agricultural Code.  This section, however, deals with suppression of infectious, contagious, or communicable diseases of live stock, and is to be considered in connection with section 588 of the Agricultural Code.  The question of tick

eradication is specifically dealt with in the section hereinabove noted, and section 572 is without application in the instant case.

██ Upon the question of financial ability, the law-making body anticipated that the actual funds in hand may prove insufficient, and expressly provided for the issuance of interest-bearing warrants of the county to supply any such deficiency of funds, and prohibiting the county from making any expenditures except for preferred claims (section 231, Code of 1923), nor making loans for any other purpose until "adequate funds are made available to defray the portion of the county's expense of the work" (section 576, supra). The work of tick eradication is therefore considered by the law-making body as of a highly preferred character, and that it is the legislative policy that the county should take the initiative in the work by making appropriation and provision to execute the law in good faith.

A discussion of the evidence upon the question of the county's financial affairs will not be here indulged. Suffice it to say that, taking into consideration the available funds from the state board, and excluding all expenditures not of the preferred class, the evidence for complainant tends to show sufficient cash resources to meet the expenses of the work on the part of the county as estimated by respondent, without issuing interest-bearing warrants or making a loan. In consideration of this question, it is also to be kept in mind that the work is not of a continued nature, but the evidence is to the effect, if entered into in good faith and co-operation, tick eradication in the county should become an accomplished fact in a year's time. The argument of appellant appears to rest upon the actual cash balance in the county treasury. But this argument loses sight of the provisions of the statute above noted, for the pledging of the credit of the county to obtain any necessary funds. It is not pretended that the county could not obtain a temporary loan sufficient to this end or issue interest-bearing warrants for that purpose, the very expediencies anticipated by the statute itself. And the evidence is without dispute that such indebtedness would in no manner endanger the constitutional debt limitation of Clarke county.

Upon due consideration of the cause in consultation, the court has reached the conclusion that the respondent has failed to meet the burden of proof resting upon it, and that the trial court correctly ruled in decreeing the relief prayed for in the bill.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.