(124 So. 909)

## STATE v. CURRAN. (8 Div. 789.)

Supreme Court of Alabama.   June 5, 1929.

See State v. Curran, post, p. 6, 124 So. 912.

PER CURIAM.   In Burns Baking Co. et al. v. Samuel R. McKelvie, Gov. et al., 108 Neb. 674, 189 N. W. 383, 26 A. L. R. 24, the

Supreme Court of Nebraska upheld the constitutionality of the Act of 1921 [chapter 2] of that state, fixing the minimum and maximum weights of bread, and providing penalties for the violation thereof. A comparison of the act which is set out in the opinion of the court discloses a marked similarity in its provisions to those found in above-noted section 254, the subject of this inquiry. The principal point of difference seems to be that in the Nebraska statute the question of "tolerance" is fixed in the act, while, under the provision of said section 254 and section 259 of what is known as the Agricultural Code of Alabama, "tolerances" are to be fixed by the state board of agriculture. It may be noted, however, that the "tolerance" fixed by the Nebraska act is more liberal to the baker than that established by the rules and regulations of the state board of agriculture of this state.

The decision of the Nebraska Supreme Court in the above-cited case was brought for review by writ of error before the Supreme Court of the United States, the insistence being that the act was violative of the Fourteenth Amendment to the Federal Constitution. The court held this position well taken, reversed the judgment, and declared the act invalid as violative of said amendment, concluding the opinion in the following language: "For the reasons stated, we conclude that the provision, that the average weights shall not exceed the maximums fixed, is not necessary for the protection of purchasers against imposition and fraud by short weights and is not calculated to effectuate that purpose, and that it subjects bakers and sellers of bread to restrictions which are essentially unreasonable and arbitrary, and is therefore repugnant to the Fourteenth Amendment." Burns Baking Co. v. Bryan, 264 U. S. 504, 44 S. Ct. 412, 68 L. Ed. 813, 32 A. L. R. 661, cited approvingly in the more recent case of Weaver v. Palmer, 270 U. S. 402, 46 S. Ct. 320, 70 L. Ed. 654.

■■ So far as the application of the principles and reasoning of that decision is concerned, we can see no substantial grounds of differentiation between the act there considered and that of this state here under review. A federal question is involved, and the above-noted decision in Burns Baking Co. v. Bryan, supra, is conclusive and binding here. Upon that authority, therefore, we hold said section 254 is invalid as violative of the Fourteenth Amendment to the Federal Constitution.

Let this opinion be duly certified to the Court of Appeals.

ANDERSON, C. J., and SAYRE, GARDNER, THOMAS, and BROWN, JJ., concur.

FOSTER, J. (dissenting). This Court seems to be firmly committed to the constitutional right of the Legislature to provide for the creation of administrative boards and commissions with authority to enact regulations and change them from time to time, and that a violation of them will be a criminal offense. Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; State v. McCarty, 5 Ala. App. 212, 59 So. 543; Ferguson v. Jackson County, 187 Ala. 645, 65 So. 1028; Bond v. State Board of Medical Examiners, 209 Ala. 9, 95 So. 295; Parke v. Bradley, 204 Ala. 455, 86 So. 28; Hill v. Cameron, 194 Ala. 376, 69 So. 636; Horn v. State, 17 Ala. App. 419, 84 So. 883; Reims v. State, 17 Ala. App. 128, 82 So. 576; Ala. Public Service Comm. v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A. L. R. 872; McElderry v. Abercrombie, 213 Ala. 289, 104 So. 671. The court will not ordinarily take judicial notice of such regulations. Ferguson v. Starkey, supra.

Section 254 et seq. of the Agricultural Code of Alabama fixes the standards of weight for loaves of bread, but, recognizing that due to evaporation after the bread is baked it will lose weight, has provided that the state board of agriculture shall adopt and promulgate all reasonable and necessary rules and regulations and reasonable variations or tolerances as to the prescribed weight. A violation of such rules and regulations is made a misdemeanor and is punishable by fine.

Authority for the majority opinion is rested on the case of Burns Baking Co. v. Bryan, 264 U. S. 504, 44 S. Ct. 412, 68 L. Ed. 813, 32 A. L. R. 661. I think the difference to be noted is that in said case the opinion considering a Nebraska statute holds that it is in violation of the due process clause of the Constitution because the provision in the act for tolerance or variations in weight was determined on proof to be unreasonable, and therefore confiscatory in nature. I do not think that such reasoning would strike the Nebraska act unless the confiscatory regulations had been in the act itself.

With us it is not in the act, but there is a regulation prescribed by a board as authorized by law. The act of the Legislature should not be considered as to its constitutionality, as affected by the regulations of the board. The act is void and unconstitutional when enacted, if at all, and is not rendered so by some improper regulation of the board. It seems that such regulation is substantially the same as that embraced in the Nebraska act, and upon the same nature of proof if it were in the Alabama act would doubtless annul it. Whether it is in fact unreasonable would depend upon the proof as to conditions in Alabama affecting the question. The board was only authorized to adopt reasonable regulations, and the fact that it did not comply with this requirement, but may have enacted an unreasonable and unauthorized regulation, can only affect such regulation. I think in event such regulation is found unreasonable

6

the board should adopt such other regulations as will withstand attack based upon the due process clause of the Constitution, without in any way impairing the legislative act which gives it such authority.

BOULDIN, J., concurs.