(124 So. 216)

### NIXON & PHILLIPS et al. v. GRANT. (8 Div. 126.)

Supreme Court of Alabama.   Oct. 17, 1929.

Williams & Chenault, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

THOMAS, J.   The construction given the statute in Hackett v. Cash, 196 Ala. 403, 72 So. 52, Andrews v. Grey, 199 Ala. 152, 74 So. 62, and Hodge v. Joy, 207 Ala. 198, 92 So. 171, obtains in this case under the special or local act creating the law and equity court of Franklin county.

The statutes of 1915 (Gen. Acts 1915, pp. 705, 824) construed in the foregoing cases are of like tenor as to the question before us, as to the provisions contained in the local act creating and prescribing procedure in said court. Loc. Acts 1923, p. 276, § 19. See constructions of this act, in other respects, contained in Jackson v. State, 20 Ala. App. 664, 104 So. 865; Little Bear Sawmills v. Morrow et al., 22 Ala. App. 394, 116 So. 305.

The rule of Hackett v. Cash, supra, will be applied, and there is ample evidence or reasonable tendencies thereof to support the judgment rendered. The agreement of the parties reduced the question of fact to that of indebtedness vel non in the respective amounts indicated. There was evidence tending to show that Nixon & Phillips contracted with the highway commission to do the work on bridges in the road projected in Lawrence county; that much of the material employed was shipped by rail to Russellville and was required to be received, unloaded, and necessary to be transported to the place of construction; that R. T. Tidwell, was in charge of that operation and supervised the work; that he received said material from the common carrier and transported or had it transported to the place of construction. The disputed questions of fact of the agency of Nixon & Phillips (Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502), or that of subcontractor in his own behalf, were decided against defendants. We will not disturb that result and judgment. The evidence and reasonable inferences therefrom sufficiently support the same.

There was no reversible error in overruling objections to questions tending to show plaintiff's experience in the work of the kind here contracted for, and for which compensation was sought. The fact that he had theretofore engaged in like work was without injury to defendants in the assertion of facts of nonliability and full payment for the work done according to contract.

The suit was on contract and not for quantum meruit; and any agreements of Tidwell with other parties at different prices were beside the issue being tried. It was immaterial that plaintiff knew that others were hauling part of the same material and shipments for less than the contract price for and under which plaintiff worked. There was no error in sustaining objections to questions propounded to witnesses Smith and Buttram. The contract or offer of a different price to others did not vary the express contract under which plaintiff hauled or worked—for hauling per yard and not per load. Such were the issues of fact being tried—as the terms of the contract, and, in addition, that of the agency of Tidwell for Nixon & Phillips.

There was no error in the cross-examinations of the witnesses Newton and Brown. The cross-examinations permitted were within the discretion of the trial court in permitting opposing counsel conducting the same to call for relevant information within the knowledge of the witness, or as testing statements of fact theretofore made by the witness as to the subject of inquiry, or as tending to show, bias, prejudice, or interest of such witness.

The assignments of error are for and on behalf of appellants Nixon & Phillips. They are as follows:

"Assignments of error by appellants:

"The Court erred in rendering judgment against the defendants, Nixon & Phillips, in the sum of $70.32 and costs of the prosecution."

The judgment of the trial court is affirmed.

Affirmed.

SAYRE, BOULDIN, and BROWN, JJ., concur.