(136 So. 265)

## SMITH v. STATE.
### 3 Div. 689.

Supreme Court of Alabama.
April 15, 1931.

See, also, Smith v. State (Ala. App.) 136 So. 266; (Ala. Sup.) post, p. 346, 136 So. 270.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

PER CURIAM.

Though the inquiry here presented was not directly involved in Gibson v. State, 214 Ala. 38, 106 So. 231, yet the discussion of the questions there considered, in connection with the legislative enactments relating to the establishment of the "Agricultural Code of Alabama," which for ready reference appear in the preface thereto (Gen. Acts 1927, p. 60; Gen. Acts 1927, p. 324), serve to demonstrate the conclusion of the court that said Code was adopted in a manner therein indicated as meeting the approval of the court, and is not offensive to section 45 of our Constitution.

Indeed, counsel attacking the validity of the Code do not insist that its adoption is violative of section 45 of the Constitution because not a revision of all the laws as contemplated by section 85 of the Constitution, upon which question there is a division of opinion. See dissenting views to State v. Town of Springville, 220 Ala. 286, 125 So. 387. Though without particular bearing upon the question, it is not improper to note cases here considered, wherein the validity of the Agricultural Code seemed to have been assumed. Commissioners' Court v. State, 218 Ala. 512, 119 So. 238; Cary v. Commissioners' Court, 218 Ala. 23, 116 So. 743; State v. Curran, 220 Ala. 4, 124 So. 909.

But the argument is advanced that the body of the law is different from its title, and therefore offends said section 45 of the Constitution for that the Code adopted after having been submitted to the Governor by the commissioner, and through the Governor to the Legislature, was again revised, amended, and corrected by legislative joint committee before being duly approved by vote of the Legislature. This insistence is without merit, as the original Act of February 18, 1927, providing for the selection of the commissioner, clearly indicated the purpose that the Code as thus prepared and revised be submitted first to the Governor, showing the revision, and by the Governor submitted to the Legislature with such recommendations as he also might see fit to make. The Code as adopted therefore was in accordance with the original

Act of February 18, 1927, and the body of the act so adopting it was in harmony with its title.

■■ Nor is there merit in the suggestion that the Code is not effective for insufficiency of the Governor's proclamation, which likewise appears in the preface ·thereto. The point is made that the Governor had never proclaimed the publication of the Code, and that, as the act provided it should go into effect the thirtieth day after the date of the Governor's proclamation announcing its publication, therefore it has never become operative. True the actual proclamation does not use this precise language, but its preamble does use the language of the act above indicated, and the proclamation then fixes the 1st day of October, 1927, as the day upon which said Code of Laws shall become operative. Public officials are presumed to do their duty, and it will be assumed, therefore, especially in view of the language of the preamble using the words of the act, that the day fixed was the thirtieth day after the "Governor's proclamation announcing its publication," and that the proclamation itself was sufficient evidence of the announcement by the Governor of its publication.

Other questions discussed in brief of counsel furnished us are not embraced in the inquiry propounded, and therefore not here to be considered.

. We answer both inquiries in the affirmative; that is, that the Agricultural Code of Alabama of 1927 is constitutional, and in full force and effect.

Let this opinion be duly certified to the Court of Appeals.

· ANDERSON, ·C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.