(136 So. 266)

## SMITH v. STATE.

3 Div. 689.

Court of Appeals of Alabama.
May 5, 1931.

Rehearing Denied May 19, 1931.

Affirmed on Mandate Aug. 4, 1931.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

See, also, Smith v. State, 223 Ala. 11, 136 So. 265.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

BRICKEN, P. J.

In the circuit court of Montgomery county, this appellant was tried upon a complaint filed by the solicitor wherein he was charged with a violation of section 243 of the Agricultural Code of Alabama, of 1927. The said complaint is as follows:

"Complaint.

"The State of Alabama, Montgomery County.

"In the Circuit Court January Term 1930.

"On appeal from the Court of Common Pleas.

"The State of Alabama, by its Solicitor, complains of J. R. Smith, that within twelve months before the commencement of this prosecution, he did sell less than the quantity he represented of a commodity described as gasoline or other motor fuel, commonly used in in-

ternal combustion engines against the peace and dignity of the State of Alabama.

"Wm. T. Seibels,
"Solicitor 15th Judicial Circuit."

The trial was by jury, and resulted in the conviction of appellant; the fine being assessed at $10. Judgment of conviction was accordingly pronounced and entered, from which this appeal was taken.

Demurrers containing numerous grounds were interposed to the complaint, wherein it was insisted (1) that the Agricultural Code of Alabama 1927 is unconstitutional and void; and (2) that the affidavit upon which this appellant was put to trial is defective in failing to aver that the act complained of was knowingly done, and also in failing to aver that the act complained of was "unlawfully" done.

The questions, as here presented, as to the constitutionality of the act, were not directly involved in the case of Gibson v. State, 214 Ala. 38, 106 So. 231; yet the discussion of the questions there considered, in connection with the legislative enactments relating to the establishment of the "Agricultural Code of Alabama," which for ready reference appear in the preface thereto (Gen. Acts 1927, p. 60; Gen. Acts 1927, p. 324), serve to demonstrate the conclusion of the Supreme Court of Alabama, that said Code was adopted in a manner therein indicated as meeting the approval of the court, and is not offensive to section 45 of our Constitution.

■ Indeed, counsel attacking the validity of the Code do not insist that its adoption is violative of section 45 of the Constitution because not a revision of all the laws as contemplated by section 85 of the Constitution, upon which question there is a division of opinion. See dissenting views to State v. Town of Springville, 220 Ala. 286, 125 So. 387. Though without particular bearing upon the question, it is not improper to note cases here considered, wherein the validity of the Agricultural Code seemed to have been assumed. Commissioners' Court v. State, 218 Ala. 512, 119 So. 238; Cary v. Commissioners' Court, 218 Ala. 23, 116 So. 743; State v. Curran, 220 Ala. 4, 124 So. 909.

But the argument is advanced that the body of the law is different from its title, and therefore offends said section 45 of the Constitution for that the Code, adopted after having been submitted to the Governor by the commissioner, and through the Governor to the Legislature, was again revised, amended, and corrected by legislative joint committee before being duly approved by vote of the Legislature. This insistence is without merit as the original Act of February 18, 1927, providing for the selection of the commissioner clearly indicated the purpose that the Code as thus prepared and revised be submitted first to the Governor, showing the revision, and by the Governor submitted to the Legislature

with such recommendations as he also might see fit to make. The Code as adopted, therefore, was in accordance with the original Act of February 18, 1927, and the body of the act so adopting it was in harmony with its title.

■■ Nor is there merit in the suggestion that the Code is not effective for insufficiency of the Governor's proclamation, which likewise appears in the preface thereto. The point is made that the Governor had never proclaimed the publication of the Code, and that, as the act provided it should go into effect the thirtieth day after the date of the Governor's proclamation announcing its publication, therefore it has never become operative. True, the actual proclamation does not use this precise language, but its preamble does use the language of the act above indicated, and the proclamation then fixes the 1st day of October, 1927, as the day upon which said Code of Laws shall become operative. Public officials are presumed to do their duty, and it will be assumed, therefore, especially in view of the language of the preamble using the words of the act, that the day fixed was the thirtieth day after the "Governor's proclamation announcing its publication," and that the proclamation itself was sufficient evidence of the announcement by the Governor of its publication.

■ The foregoing is in substance the response of the Supreme Court, 136 So. 265,[1] to whom the question of the validity of the statute was referred by this court as provided in section 7322 of the Code 1923. Under the provisions of said section this court is controlled in its decision by the determination of the Supreme Court. We perforce must, and do hold, adversely to the insistence of appellant in this connection, that the Agricultural Code of Alabama 1927 is constitutional and in full force and effect.

■ We are of the opinion that error prevailed in the action of the court in overruling the demurrer to the complaint. The complaint was defective in failing to aver that the act complained of was knowingly done. We think, in order for the accused to be convicted of the misdemeanor complained of, that it is necessary that "knowledge" be charged in the complaint, and proven. Several grounds of the demurrer went directly to this point. We think the insistences of counsel for appellant in this connection are well taken, wherein it is urged:

"The Legislature itself has construed the Act. The Act is clothed with legislative construction. For prior to the adoption of the Act of August 24th, 1927 (Gen. Acts 1927, p. 324), 'knowledge' was a necessary ingredient of the offense sought to be here charged. The title to this Act adopting the Agricultural Code was to adopt the Code of Laws for the State of Alabama prepared in accord-

[1] 223 Ala. 11.

ance with the provisions of the Act approved February 18th, 1927. Section 1 of the Act said: That the work was prepared by Harwell G. Davis, as Code Commissioner, under and in accordance with the provisions of the Act approved February 18th, 1927, as shown by the manuscript filed by the said Davis with the Governor on the 15th day of June, 1927, etc., is adopted and enacted' as a Code of Laws. The Act of February 18th, 1927 (page 60), said that the Code Commissioner should not change 'the intent of the law-maker' but should alter the phraseology, etc., of the laws. Thus it appears from both the title to the Act of August 24th, 1927, as well as from the body of the Act itself, that the Legislature construed the Agricultural Code so far as the offense here sought to be charged. In short, it said that Davis had prepared the law in accordance with the Act of February 18th, 1927; that he had changed the language and phraseology of 'the 1923 Act (Acts 1923, p. 399) as he should have done, and that he had not changed the intent of the law-maker as he should not have done. That the omission of the word 'knowingly' from his Code did not change the meaning of the law, as previously existing, and hence it follows from the foregoing that knowledge must be alleged and proven to make one guilty of crime.

"If the Agricultural Code be valid in all respects and had no predecessor to cast light upon its meaning, nevertheless in order for one to be guilty of the misdemeanor denounced therein, knowledge must be shown. In support of this statement suffice it to quote from pertinent authorities:

" 'It is a sacred principle of criminal jurisprudence, that the intention to commit the crime, is of the essence of the crime, and to hold, that a man shall be held criminally responsible for an offence, of the commission of which he was ignorant at the time, would be intolerable tyranny.' Duncan v. State, 7 Humph. (Tenn.) 148, 150.

" 'Sec. 42. *Acts Prohibited by Statute.* As a general rule where an act is prohibited and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, even when not in terms required.' 16 C. J., p. 76.

" 'In General. Selling by false weights and measures was, at common law, an indictable offense, and a fraudulent intent was necessary ingredient thereof.' 40 Cyc. 886.

"In the case of Gordon v. State, 52 Ala. 308, 23 Am. Rep. 575, Judge Brickell said:

" ' "All crime exists, primarily, in the mind." A wrongful act and a wrongful intent must concur, to constitute what the law deems a crime. When an act denounced by the law is proved to have been committed, in

the absence of countervailing evidence. the criminal intent is inferred from the commission of the act. The inference may be, and often is removed by the attending circumstances, showing the absence of a criminal intent. Ignorance of law is never an excuse, whether a party is charged civilly or criminally. Ignorance of fact may often be received to absolve a party from civil or criminal responsibility. On the presumption that every one capable of acting for himself knows the law, courts are compelled to proceed. If it should be abandoned, the administration of justice would be impossible, as every cause would be embarrassed with the collateral inquiry of the extent of legal knowledge of the parties seeking to enforce or avoid liability and responsibility.

" 'The criminal intention being of the essence of crime, if the intent is dependent on a knowledge of particular facts, a want of such knowledge, not the result of carelessness or negligence, relieves the act of criminality.'

"In the case of Adler v. State, 55 Ala. 16, Judge Stone said:

" 'In the case of Leopold Adler, there was some evidence that the defendant, when he made the sale to Silas Berry, had been informed that the latter was twenty-one years old. If he, in good faith, believed such was the case, he was innocent of any intent to violate the law. In the case of Gordon v. State, 52 Ala. 308, 23 Am. Rep. 575, we said: "All crime exists primarily in the mind. A wrongful act, and a wrongful intent, must concur, to constitute what the law deems a crime." In that case, as in this, the offense charged was purely statutory, and intent was not expressly named as' an ingredient of the offense. Still, this court held that, if the act were done in the honest, though mistaken, belief that the accused had reached the age which would render the act lawful, no crime was in fact committed. So, in this case, if Adler, in good faith, believed that Berry was twenty-one years old, the element of intent to commit the offense was wanting. Whether he did, in good faith, so believe, was a question for the jury, under an appropriate charge.'

"The holdings of Judge Brickell and Judge Stone set forth above have been followed repeatedly since. We invite the attention to the cases of Talbot v. State, 129 Ala. 323;[1] Vaughan v. State, 83 Ala. 55, 3 So. 530; Hill v. State, 62 Ala. 168; McDaniel v. State, 156 Ala. 40, 46 So. 988, 21 L. R. A. (N. S.)' 678, 130 Am. St. Rep. 74; State v. Twenty-two Sacks Daisy Horse and Mule Feed, 205 Ala. 444, 88 So. 422.

"In the case of De Soto Coal Co. v. Hill, 179 Ala. 195, 60 So. 583, 585, Judge Anderson, in referring to some of the cases above cited, said:

[1] This case is reported in 129 So. 323.

" 'The Alabama cases cited by appellant, to the effect that the defendant would not be guilty for violating the law for selling liquor to minors or persons of known intemperate habits, are not analogous to the present case, as the court there held that the intent was essential to crime. Here we are not dealing with, a criminal statute, but one which prohibits the employment of a certain class, and the employer must ascertain at his peril whether the child is of the required age.' "

In the case of Talbot v. State, supra, this court said: "There must be a guilty scienter before a defendant can be convicted of crime, and this must be established by the evidence beyond a reasonable doubt."

In Coggin v. State, 23 Ala. App. 135, 122 So. 186, 187, the court said: "But to convict there must be a possession coupled with a guilty scienter." See, also, Hayes v. State, 22 Ala. App. 264, 114 So. 674; Jackson v. State, 20 Ala. App. 664, 104 So. 865; McDaniel v. State, 156 Ala. 40, 46 So. 988, 21 L. R. A. (N. S.) 678, 130 Am. St. Rep. 74.

 We are of the opinion also that the complaint is defective in failing to aver that the acts complained of were "unlawful." That the complaint concluded with the phrase, "against the peace and dignity of the State of Alabama," in no wise can be construed as corrective of the omission or deficiency above pointed out. Doss v. State, 23 Ala. App. 168, 175, 123 So. 237, 243. In that case it was insisted by the state: "It must be borne in mind by this court that the words 'contrary to law' used in count 1 of the indictment were used to charge that the confinement was unlawful, the inveiglement was unlawful, the enticement was unlawful." Replying thereto, this court said: "We do not accord to this insistence. The words may have been used for that purpose, but the authorities do not ascribe that office or effect to them. 'It is a general rule in indictments upon statutes, that, unless the statute be recited, neither the words contra form a statute, nor any intendment or conclusion, will make good an indictment which does not bring the fact prohibited or commanded, in the doing or not doing whereof the offense consists, within all the material words of the statute.' * * * 'It is not the office of the words "contrary to the statute in such cases made and provided" to supply averments of facts in an indictment. * * * The statement means that the offense charged is a statutory one. It in no sense supplies omitted facts.' "

Section 4043 of the Code 1923 makes it an offense to present firearms at another. The statute reads: "Any person who presents at another person any gun, pistol, or other firearm * * * must, on conviction, be fined," etc. In the case of Bowen v. State, 21 Ala. App. 547, 110 So. 56, the accused was charged by affidavit as follows: " * * * Did present a gun at affiant." This court held the affidavit to be fatally defective in not having charged that the act complained of was unlawfully done.

In the case of Brewer v. State, 15 Ala. App. 681, 74 So. 764, the appeal was taken from a judgment of conviction wherein the appellant had been convicted upon an indictment which charged him with violating section 6897 of the Code 1907 (section 4047, Code 1923), which makes it an offense for "any person who shoots a pistol or other firearm or slingshot, * * * at, into, in, through, or against a dwelling house," etc. The indictment was as follows: "That Miller Brewer, shot a pistol, or other firearm at, into, through or against a dwelling house," etc. This court, through Presiding Judge Brown (now Mr. Justice Brown of the Supreme Court), said: "This indictment is fatally defective in not showing that the shooting was unlawful."

In Sellers v. State, 7 Ala. App. 78, 61 So. 485, 487, the court said: "The word 'unlawfully' here employed in the indictment is not found in the statute itself creating the offense; yet the Legislature [in prescribing the form] deemed its use essential in charging the offense intended to be condemned by the statute."

For the error in overruling demurrer to the complaint as herein above discussed, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Smith v. State, 223 Ala. 346, 136 So. 270.