(136 So. 270)

**SMITH v. STATE.**

3 Div. 971.

Supreme Court of Alabama.

June 27, 1931.

See, also, Smith v. State, ante, p. 11, 136 So. 265.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for petitioner.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, opposed.

ANDERSON, C. J.

■■ Section 243 of the Agricultural Code 1927, in prescribing misdemeanors and fixing the punishment of same, among other things says, "or who shall sell or offer or expose for sale less than the quantity he represents of any commodity, thing or service," etc. This provision was intended to protect the public from short weights and measures, and was not intended solely for the punishment of the violator of same. It makes the vendor or seller a guarantor of the quantity or weight of the commodity he sells regardless of his intent or knowledge. The complaint in question substantially adopts the language of the statute, and was not subject to the defendant's demurrer.

■ It is true that the Acts of 1923, section 9, page 462, contained the word "knowingly," and whether the Act of February 18, 1927 (page 60), providing for the codification of the Agricultural Acts, did or did not authorize the codifier to eliminate this word from the original act matters not for the reason that the Legislature by the Act of August 24, 1927 (page 324), adopted the manuscript as prepared by the codifier and approved by the joint commission and the manuscript so adopted and found in the office of the secretary of state omits from this provision the word "knowingly." This was an adoption of the Code as thus prepared. State v. Towery, 143 Ala. 48, 39 So. 309.

■■ Generally speaking, when an act is prohibited and made punishable by statute only, the statute is to be construed in the light of the common law and the existence of a criminal intent is to be regarded as essential, even when in terms not required. The Legislature, however, may forbid the doing of an act and make its commission criminal without regard to the intent or knowledge of the doer, and, if such legislative intention appears, the courts must give it effect, although the intent of the doer may have been innocent. This rule has been generally, though not quite universally, applied to the enforcement of statutes passed in aid of the police power of the state where the word "knowingly" or other apt words are not employed to indicate that knowledge is an essential element of the crime charged. The doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted and knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt. Whether or not in a given case a statute is to be so construed is to be determined by the court by considering the subject-matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the Legislature. Whatever may be the true construction of the statute, when, with a knowl-

edge of all the facts, one deliberately violates a positive law which he is presumed to know, he cannot be excused on the ground that he intended no wrong. But the rule applies only to' unlawful acts which are voluntary and in that sense intentionally done. 16 C. J. page 76; Whartons Crim. Law, pages 187 and 541; Hill v. State, 62 Ala. 168; Bain v. State, 61 Ala. 75; Gilmore v. State, 125 Ala. 59, 28 So. 382; Carl v. State, 89 Ala. 93, 8 So. 156; State v. Southern Express Co., 200 Ala. 31, 75 So. 343.

True, we have some older decisions, especially Adler v. State, 55 Ala. 16, and Gordon v. State, 52 Ala. 308, 23 Am. Rep. 575, which hold that the act done must have been knowingly done, but these cases involved selling liquor to a minor or person of known intemperate habits, and the court held the seller must have known of the minority of the minor, upon the idea, we suppose, that the seller was not presumed to be fully acquainted with the age of said minor. Here the statute merely requires of the seller the duty of keeping his weights and measures correct. But, whatever difference there may have been in the past, the case of State v. Southern Express Co., supra, seems to have settled the question contrary to the opinion of the Court of Appeals.

We find no case of Talbot v. State, in the 129 Ala. 323,[1] as cited in the opinion of the Court of Appeals, but such a case is reported, Talbert v. State, 121 Ala. 33, 25 So. 690, which involved larceny and there should, of course, have been a specific intent.

In the case of State v. Twenty-Two Sacks of Feed, 205 Ala. 444, 88 So. 422, this identical question seems not to have been raised, and the opinion merely assumes that there had to be an intent to deceive or defraud without going into the question as thoroughly as was done in the Southern Express Company Case, supra, and, if there is a conflict, we prefer to follow the ruling in said Express Company Case.

The Court of Appeals erred in holding the complaint subject to demurrer, and its judgment is reversed, and the cause is remanded to said court for further consideration.

Writ awarded and reversed and remanded.

All the Justices concur.